38527.   MILLER v. LIFE & CASUALTY INSURANCE
COMPANY OF TENNESSEE.

DECIDED OCTOBER 26, 1960.

656

*W. A. Wraggs,* for plaintiff in error.

*Gowen, Conyers, Fendig & Dickey, Chris B. Conyers,* contra.

FELTON, Chief Judge. A thorough review of the evidence discloses that the plaintiff's grandson had hemophilia from birth; that he died as a result of an injury, which was aggravated by his disease. Further, the evidence shows that neither the accident nor the disease likely would have independently produced death. The cases relied on by the plaintiff in his contention that a new trial should have been granted on the general grounds, have been thoroughly reviewed. We must agree that the language employed in those cases, *Thornton v. Travelers Ins. Co.,* 116 Ga. 121 (42 S. E. 287, 94 Am. St. Rep. 99); *Hall v. General Accident Assurance Corp.,* 16 Ga. App. 66 (85 S. E. 600); *Inter-Ocean Cas. Co. v. Scott,* 91 Ga. App. 311 (85 S. E. 2d 452), requires careful interpretation in the light of the facts of the instant case. The facts of those cases are different from the facts in this case, both as to the clause controlling liability of the insurer and the effect of the insured's infirmity on the cause of his death. In none of the policies in the cases cited is there the lucid limitation, "if such death is not caused or contributed to by disease or infirmity." On the contrary, in *Harris v. Metropolitan Life Ins. Co.,* 66 Ga. App. 761 (19 S. E. 2d 199) the insurance contract provided that no accidental death benefit will be paid "if death is caused or contributed to . . . wholly or partially by disease, or by bodily or mental infirmity." The court there held that the insurer was not liable if the death was due wholly or in part to an attack of heart disease with which the insured had been afflicted for more than a year, notwithstanding that he died four days after injuries

were sustained in an automobile accident. In *Prudential Ins. Co. v. Kellar,* 213 Ga. 453 (99 S. E. 2d 823), the plaintiff suffered injuries by accident and died two months later from myocardial infarction. The evidence disclosed that the insured had been treated for high blood pressure and stroke prior to the injury. The court in its decision made the distinction that where the injuries contributed to death but were not related to the disease or condition causing death there could be no recovery under a contract providing "that no accidental death benefit shall be payable if such death resulted . . . directly or indirectly from bodily or mental infirmity or disease." For the plaintiff to recover under the terms of the contract in the instant case, the unfortunate death of her grandson must have resulted from his injury sustained in the accident independently of his infirmity. The evidence is clear that the pre-existing infirmity contributed to the death. The first doctor testified: "In my opinion the disease contributed to his death." The second and third doctors, in answer to a question as to whether or not the disease contributed to death, answered, "yes." The evidence shows that hemophilia is a disease caused by a deficiency in the blood, the result of which is that the blood will not clot and which inevitably results in excessive bleeding, after bleeding begins. The evidence shows that there was a laceration of the liver as a result of the accident, which caused extended bleeding.

In *Prudential Ins. Co. v. Kellar,* 213 Ga. 453, supra, the court said in substance that due to the small premium charged for double indemnity by the insurer the coverage is also correspondingly narrow. Thus, the liability must be defined by well chosen words. It was stated further that in such instances the court would have no more right to extend the coverage of the policy making it more beneficial by strained construction than it would have to increase the amount of the insurance.

Because the evidence in this case demanded the verdict, it is not necessary that we consider the special grounds of the amended motion for a new trial.

The court did not err in overruling the motion for a new trial.

> *Judgment affirmed. Nichols and Bell, JJ., concur.*