53 Cal.Rptr. 446]

[Civ. No. 22609.   First Dist., Div. Two.   Sept. 19, 1966.]

LOU ELLA SHAFER, Plaintiff and Respondent, v. AMER-ICAN CASUALTY COMPANY, Defendant and Appellant.

Berry, Davis, Lewis & McInerney, Samuel H. Berry and Richard D. Logan for Defendant and Appellant.

Whitney & Hanson and Stanley R. Whitney for Plaintiff and Respondent.

AGEE, J.—Defendant appeals from an adverse judgment following a nonjury trial. Plaintiff is the widow of Delbert S. Shafer, deceased. She is the named beneficiary in an accident policy issued by defendant to her husband.

The policy provides that defendant will pay $10,000 for the death of the insured "resulting directly and independently of all other causes from bodily injury sustained during the term of the policy [April 11, 1960 to April 11, 1961] and effected solely through accidental means, . . ." Coverage for "disease" is expressly excluded.

Appellant's principal contention on appeal is that, "under

the findings as made by the trial court the judgment is erroneous." No contention is made that the evidence does not support such findings, the pertinent portions of which follow.

"4. That on the 16th day of August, 1960, in the City of Oakland, State of California, said DELBERT S. SHAFER, the insured, was in an automobile accident occurring at the off-ramp of the Nimitz Freeway at 98th Avenue and said accident resulted in a severe impact. DELBERT S. SHAFER was thrown around within the motor vehicle to the extent that he sustained a bruise on his arm and shock, both of which the Court finds were bodily injuries caused by the accident.

"5. The Court finds that at the time of the accident said DELBERT S. SHAFER had a serious condition of arteriosclerosis in his coronary arteries; that he also had a greatly enlarged heart, and that he was suffering at the time of said accident from a condition which can properly be termed a disease.

"The Court further finds that said DELBERT S. SHAFER died on August 18, 1960, from a heart attack caused by coronary thrombosis. The Court further finds that the coronary thrombosis which resulted in the death of said DELBERT S. SHAFER in this case, was caused by a concurrence of two things; one, the shock (bodily injury) sustained in the accident and, two, the diseased condition (arteriosclerosis and enlarged heart) which decedent had at the time of the accident.

"6. The Court finds that if the pre-existing condition of arteriosclerosis and an enlarged heart did not exist, the accident alone would not have caused the coronary thrombosis, from which DELBERT S. SHAFER died.

"7. The Court finds that in the absence of the accident, the decedent, DELBERT S. SHAFER, would not have died on August 18, 1960 from his pre-existing condition of arteriosclerosis and/or enlarged heart. In this connection, the Court finds that he was handling his ordinary work and the daily ordinary pursuits of life, and although he had a condition which might be termed a disease, his condition was such that he was not aware of its existence, and had not shown any symptoms of the same prior to the accident. The Court finds that an electrocardiographic examination made by Dr. J. L. Marriott approximately six (6) months before his death, was negative.

"8. The Court finds that it is not true that DELBERT S. SHAFER would have died on or about August 18, 1960, if he had not been in the automobile accident; and the Court further finds that the time of his death was not a coincidence.

"9. The Court finds that the decedent, DELBERT S. SHAFER, suffered 'bodily injury' in the said automobile accident.

"10. The Court finds the accident was the prime or moving cause which resulted in bodily injury which acted upon the preexisting condition of the deceased, DELBERT S. SHAFER, so as to complete a chain of events which led to coronary thrombosis and thus to his death.

"11. The Court further finds that the preexisting arteriosclerosis and enlarged heart which DELBERT S. SHAFER had prior to the automobile accident was not the prime or moving cause of his death."

The trial court drew the following conclusions from the foregoing facts:

"1. That on the 16th day of August, 1960, in the City of Oakland, State of California, said DELBERT S. SHAFER, the insured, as a direct and proximate result and solely through accidental means, namely, an automobile accident occurring at the off ramp of the Nimitz Freeway, at 98th Avenue, sustained bodily injuries which resulted in his death on the 18th day of August, 1960.

"2. That the accident was the precipitating and proximate cause of the coronary thrombosis which resulted in the death of DELBERT S. SHAFER."

The leading case in California on the issue of whether preexisting disease will preclude recovery under an accident insurance policy containing an exclusionary provision similar to that involved herein is *Brooks* v. *Metropolitan Life Ins. Co.* (1945) 27 Cal.2d 305 [163 P.2d 689]. Former Chief Justice Gibson wrote the opinion for a unanimous court.

The policy in that case insured Brooks " 'against the results of bodily injuries . . . caused directly and independently of all other causes by violent and accidental means' " but *excluded* coverage from " 'death or any other loss caused wholly or partly, directly or indirectly, by disease or mental infirmity. . . .' "

Brooks had an incurable cancer and was confined to his bedroom. He was being given large quantities of morphine and other drugs to relieve his constantly increasing pain. He died in a fire which started in his bedroom.

In the ensuing action on the policy a jury returned a verdict for defendant and the trial court ordered a new trial on the ground of the insufficiency of the evidence. On appeal from this order the defendant contended that there could not be any liability under the policy because it did not appear that

disease and mental infirmity did not contribute to the cause of death.

In rejecting this contention the Supreme Court stated: "The decisions interpreting risk exclusion clauses similar to the one here involved, are not in accord. Some of the cases hold that the insurer is not liable unless the accidental injury is sufficient of itself to cause death to a healthy man, and that recovery is precluded if death would not have resulted except for preexisting disease or infirmity. [Citations.]

"On the other hand there is authority for what in our opinion is the correct rule, that the presence of preexisting disease or infirmity will not relieve the insurer from liability if the accident is the proximate cause of death; and that recovery may be had even though a diseased or infirm condition appears to actually contribute to cause the death if the accident sets in progress the chain of events leading directly to death, or if it is the prime or moving cause. [Citations.]

"Although it appears that the insured was suffering from an incurable cancer and was under the influence of narcotics given to relieve pain, and that by reason of his weakened and infirm condition he may have been less able than a normal person to withstand the effect of the injuries, there is evidence from which the court could conclude that the proximate cause of his death was burns received in a fire of accidental origin.

"The order granting a new trial is affirmed."

In *Zuckerman* v. *Underwriters at Lloyd's, London* (1954) 42 Cal.2d 460 [267 P.2d 777], the Supreme Court discussed the *Brooks* case and epitomized the holding therein, as follows: "Otherwise stated, the insurer is liable although death is caused partly by a preexisting disease or infirmity and partly by an accident, if the accident is the prime or moving cause." (P. 468.)

In *Brooks*, the court cited as "authority for what in our opinion is the correct rule" the case of *Scanlan* v. *Metropolitan Life Ins. Co.*, 93 F.2d 942, 946. Such rule is stated therein as follows: "If the infirmity alone would not have caused death, it cannot be said to have caused death when the immediate result was occasioned by an infirmity which became active only because of the accident. The infirmity may have made the insured less able to resist, but if the accident caused the condition which in turn affected the weak spot which did not resist as well as a healthy body, the cause is nevertheless the accident, and recovery cannot be avoided or evaded."

In *Happoldt* v. *Guardian Life Ins. Co.* (1949) 90 Cal.App.

2d 386 [203 P.2d 55], defendant insurance company appealed from a judgment entered upon a jury verdict for the widow of its insured. It contended that the insured's death did not result " 'directly, independently and exclusively of all other causes from bodily injuries,' " as required under the terms of the policy in order to obtain the additional indemnity sued for.

The policy also provided that this additional benefit would not be payable if the insured's death resulted " 'directly or indirectly from bodily or mental infirmity . . . or illness or disease of any kind.' "

The insured fractured his right hip on November 11, 1945. He was admitted to the hospital on November 16, 1945 and died on December 12, 1945. He had been in bad health for many years.

The medical summary, made after death, was as follows: heart failure due to broncho-pneumonia and congestive failure due to arteriosclerotic heart disease; coronary sclerosis; chronic myocardial degeneration; complications due to fracture of the right hip and emphysema.

The autopsy report stated that the immediate cause of death was broncho-pneumonia and emphysema and that other conditions were coronary sclerosis, chronic myocardial degeneration and recent fracture of the right hip.

The opinion expressly approves the giving of the following instruction: "If you find that the accident, if any, operating upon an unhealthy body causes injury putting in motion a chain of events which can be traced to the accidental injury, the accident may be the proximate cause of death. In other words, a recovery may be had even though a diseased or infirm condition appears to actually contribute to the cause of death, if the accident sets in progress the chain of events leading directly to death, or if it is the prime or moving cause." (90 Cal.App.2d, at 396.)

In *Miller* v. *United Ins. Co.* (1952) 113 Cal.App.2d 493 [248 P.2d 113], the court, per Justice Peek, expressly relied upon *Brooks* and *Happoldt* in affirming a judgment for the widow of the insured. The question there was whether the insured's death was caused "directly and independently of all other causes from bodily injuries." The court stated: "Although decedent was afflicted with a preexisting infirmity [diseased lung] it was not, according to the doctor, such condition which caused his death, rather it was the force of the blow to decedent's chest when he came in contact with the steering wheel

causing a tear in the bronchi, which in turn caused a hemorrhage with the resulting death." (P. 499.)

In *Stokes* v. *Police & Firemen's Ins. Assn.* (1952) 109 Cal.App.2d Supp. 928 [243 P.2d 144], a fireman suffered a heart attack while fighting a fire. It was subsequently found that he had a preexisting heart disease, and that it contributed to his death.

In affirming a judgment holding the defendant liable under its policy, the court stated: "It is our opinion that it is now the settled law of this state since the *Brooks* decision that a recovery may be had under the provisions of a policy providing for payment where 'death is caused by external, violent and accidental means, independent of all other causes' and 'excluding payment where death is caused wholly or in part by disease' if the accident is the proximate cause and sets in motion a chain of events leading directly to death, notwithstanding the fact that a preexisting disease contributed to the death. Since the court here found as a fact that the accident was the prime and moving cause of death (the preexisting heart disease only contributing) it cannot be said as a matter of law, in interpreting the provisions of the policy and the evidence, that the death of Stokes was caused in whole or in part by any preexisting heart disease. As stated above, counsel in the Brooks and Happoldt cases endeavored to avoid liability on the same grounds as appellant here: namely, that death was not caused by the accident, independent of all other causes, but was caused in part by a preexisting heart disease. [Citations.]"

The court made this observation at the conclusion of its opinion: "If appellant [insurer] would avoid liability in cases of this type, it should have a 'contributed' clause in its contract, as the Metropolitan Life had in the case of *Evans* v. *Metropolitan Life Ins. Co., supra.*"[1]

Appellant relies strongly upon *Johnson* v. *Aetna Life Ins. Co.* (1963) 221 Cal.App.2d 247 [34 Cal.Rptr. 484]. There the trial court instructed the jury that there could be more than one proximate cause of death and that if the jury found that the accidental injury was a proximate cause of death, then they should "'next consider whether Wilson's death did or did not *also* proximately result from . . . bodily or mental

---

[1]Reported in 26 Wn. 2d 594 [174 P.2d 961]; the clause referred to provided that the insurer would not pay if death was caused *"or contributed to,"* directly or indirectly, or wholly or partially, by disease. (Italics added.)

infirmity, or any other kind of disease.' '' (P. 254; italics supplied.) The verdict in favor of defendant was upheld on appeal.

This theory of concurrent proximate causes in no way militates against the rule of the *Brooks* case, in which the disease was considered a concurrent weakening *condition*, rather than a proximate cause of death. The court's instructions in the *Johnson* case ''did not foreclose a finding that Mr. Wilson's preexisting disease was a condition, or a remote or predisposing cause, rather than the proximate cause of his death; . . . and directed a verdict for the defendant, with respect to the issue at hand, only in the event that a preexisting disease was found to be a proximate cause of death.'' (P. 257.) This holding is consistent with that in the *Brooks* case.

Moreover, in the *Johnson* case, the policy also excluded coverage for death resulting indirectly from bodily infirmity or disease, '' 'even though the proximate or precipitating cause of death is accidental bodily injury.' '' (221 Cal.App.2d at p. 258.) This sought to go beyond the clause in the *Brooks* case and to circumvent the more liberal rule there applied. In view of this additional exclusion clause, the instruction given was more beneficial to the claimant than the court's construction of the policy warranted. Thus, the court concluded: ''The defendant relies in part upon the extended exclusionary limitations contained in its policy as authority for its position that the instructions to which the plaintiff objects properly were given. This contention is well taken.'' (221 Cal.App.2d, at pp. 258-259.)

The appellant also cites and relies upon *Clarke* v. *New Amsterdam Casualty Co.* (1919) 180 Cal. 76 [179 P. 195]; *Kellner* v. *Travelers Ins. Co.* (1919) 180 Cal. 326 [181 P. 61]; and *Ogilvie* v. *Aetna Life Ins. Co.* (1922) 189 Cal. 406 [209 P. 26, 26 A.L.R. 116].

These decisions preceded *Brooks* by many years and must be considered in the light of that case and those which followed it. It is our opinion that the *Brooks* and *Happoldt* decisions are directly applicable to the facts of the instant case and are controlling upon our decision herein.

Appellant makes two additional contentions. The first is that there is an inconsistency between the court's findings and its conclusion that ''the accident was the precipitating and proximate cause'' of death. We do not agree.

The court found that the insured died from a heart attack, caused by coronary thrombosis, and that the heart attack ''was

caused by a concurrence of two things; one, the shock (bodily injury) sustained in the accident and, two, the diseased condition (arteriosclerosis and enlarged heart) which decedent had at the time of the accident.''

The court then found that neither of these two things alone would have caused the insured to die when he did. However, as pointed out in *Brooks*, the dispositive issue is whether the accident set in progress the chain of events leading directly to the death or was the prime or moving cause thereof.

In respect to this issue the court found that the preexisting diseased condition ''was not the prime or moving cause of his death'' but that ''the accident was the prime or moving cause which resulted in bodily injury which acted upon the preexisting condition of the deceased, DELBERT S. SHAFER, so as to complete a chain of events which led to coronary thrombosis and thus to his death.''

What appellant is really complaining about is not any inconsistency in the above findings but rather the claimed inconsistency between the findings and the *conclusion* drawn from these findings, i.e., that ''the accident was the precipitating and proximate cause'' of death.

Paraphrasing the concluding portion of the opinion in *Brooks, supra*, we have concluded that ''there is evidence from which the court could conclude that the proximate cause of his death'' was the bodily injury (shock) received in the accident.

Finally, appellant argues that the court ''used erroneous reasoning in arriving at its decision.'' This contention stems from a statement contained in the court's ''Brief Memorandum For Assistance of Counsel In Preparing Legal Briefs To Be Filed.''

The facts were discussed quite extensively therein, including comments by the court that, ''if the plaintiff [decedent] did not have this condition of disease, the accident alone would not have caused his death'' but that, ''in the absence of the accident, with reasonable certainty, the plaintiff would not have died at the time when he did die.''

The statement of the court which appellant highlights is as follows: ''It is apparent from the foregoing that the Court is of the opinion that the death in this case was caused by a concurrence of two things: one, the accident; and two, the disease[d] condition which afflicted the plaintiff at the time of the accident, and that factually these were concurrent causes of the death.''

Several months later, when the court orally announced its decision to respective counsel, appellant's counsel inquired of the court if it was "adhering" to its previous statement that there were two "concurrent causes of the death."

The court made it clear that it did not consider that there were two *proximate* causes. The court said: "[T]he cases talk about concurring causes and they talk about proximate cause. Now, the question is this: I say that there were two concurrent causes, but I am not holding as a matter of law that each one of those concurrent causes was the proximate cause of the death."

We do not think that this was "erroneous reasoning." The court made it clear that "but for" the decedent's diseased condition his death would not have occurred when it did. However, the court concluded that the *proximate* cause of "the coronary thrombosis which resulted in the death" was the accident. This conclusion is supported by the findings and the findings are supported by the evidence.

Judgment affirmed. The order denying a motion for new trial being a nonappealable order, the purported appeal therefrom is dismissed.

Shoemaker, P. J., and Taylor, J., concurred.