[Civ. No. 34769. First Dist., Div. Two. Aug. 22, 1975.]

PATRICIA ARATA, Plaintiff and Respondent, v.
CALIFORNIA-WESTERN STATES LIFE INSURANCE
COMPANY, Defendant and Appellant.

COUNSEL

Bishop & Barry and Neil R. Bardack for Defendant and Appellant.

Walkup, Downing & Sterns and William B. Boone for Plaintiff and Respondent.

OPINION

**TAYLOR, P. J.**—This appeal by the insurer from a judgment in favor of the widow of the insured for double indemnity death benefits presents a question of first impression in this state as to whether the exclusionary clause of the insurance policy issued by California-Western comes within the "prime or moving cause" rule of *Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 310 [163 P.2d 689], as the court below found. For the reasons set forth below, we have concluded that the judgment must be affirmed.

■ The matter was submitted to the court below as a question of law on stipulated facts as follows: the insured, who died on November 3, 1971, was a member of the State Bar of California, had been actively engaged in the practice of law and was insured under a group policy issued by the insurer. The pertinent portion of the policy provided double indemnity accidental death benefits if the insured dies as a result of accidental bodily injury, directly and independently of all other causes, within 90 days after the date of injury, but also stated that the benefit was not payable ". . . if death . . . is contributed to by:

"(1) disease or bodily or mental infirmity . . . ." The court found the facts as follows:

At all pertinent times, the insured had hemophilia type 8, a congenital condition present since his birth. On October 30, 1971, the insured slipped and fell to the floor, an accidental occurrence. The bodily injuries sustained by the insured in his fall proximately caused a subdural bleeding that commenced at the time of the fall. This subdural bleeding, due to his preexisting condition of hemophilia, continued from the time of the fall until his death several days later. The subdural bleeding or subdural hemotoma was the direct and immediate cause of his death. If the preexisting condition of hemophilia type 8 did not exist, the accident and the resulting subdural bleeding alone would not have

caused the death of the insured. A person who did not have hemophilia type 8 would not have died from the accident or from the subdural bleeding. In the absence of the accident, the insured would not have died from his preexisting condition of hemophilia.

The court concluded that the death of the insured occurred within the 90-day period and did not result from and was not contributed to, by disease within the intent or meaning of the exclusionary provision and entered its judgment in favor of the widow for the double indemnity death benefit of $36,000 provided by the policy.

As indicated above, the main question is whether the court below properly interpreted the exclusionary clause of the insurance policy. The insurer argues that the language ". . . is contributed by" excluded the insured's preexisting hemophilia, which was the cause of his death. The trial court held otherwise pursuant to *Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305 [163 P.2d 689]. In *Brooks,* the insured, afflicted with debilitating cancer, was covered by an accident policy that, so far as here pertinent, excluded death caused wholly, partly, directly or indirectly by disease. After the insured died in a fire, his widow sought to recover the double indemnity benefits payable under the policy for death by fire. The Supreme Court held that under such circumstances, "the presence of preexisting disease or infirmity will not relieve the insurer from liability if the accident is the proximate cause of death . . . [R]ecovery may be had even though a diseased or infirm condition appears to actually contribute to cause the death if the accident sets in progress the chain of events leading directly to death, or if it is the prime or moving cause." (Pp. 309-310.) The *Brooks* rule has been consistently followed by the courts of this state, as we indicated in *Shafer* v. *American Casualty Co.,* 245 Cal.App.2d 1, 4-7 [53 Cal.Rptr. 446].

The insurer contends that the *Brooks* rule has no application here because the "contributed to" language of its exclusion is different from that of the policy in *Brooks,* and relies on *Miller* v. *Life & Casualty Insurance Co. of Tenn.,* 102 Ga.App. 655 [117 S.E.2d 237, 238], and some dicta of this court in *Shafer* v. *American Casualty, supra.*[1] It is not necessary to discuss in detail *Miller* or the numerous other out-of-state authorities cited by the insured that do not follow the California and majority rule.

[1]The insurer relies on the quotation in *Shafer* by this court of certain dicta in *Stokes* v. *Police & Firemen's Ins.,* 109 Cal.App.2d Supp. 928 [243 P.2d 144], stating that the insurer could avoid liability by a "contributed" clause as in *Evans* v. *Metropolitan Life Ins. Co.* (1946) 26 Wn.2d 594 [174 P.2d 961]. As pointed out in the insured's brief, both this court

In *State Farm Mut. Auto. Ins. Co.* v. *Partridge,* 10 Cal. 3d 94 [109 Cal.Rptr. 811, 514 P.2d 123], our Supreme Court recently reaffirmed the rule of interpreting exclusionary clauses narrowly against the insurer and held, as follows, at pages 104-105: "The rationale of the *Brooks* decision equally applies to the instant case. Here, as in *Brooks,* an insured risk (the modification of the gun) combined with an excluded risk (the negligent use of the car) to produce the ultimate injury. Although there may be some question whether either of the two causes in the instant case can be properly characterized as *the* 'prime,' 'moving' or 'efficient' cause of the accident we believe that coverage under a liability insurance policy is equally available to an insured whenever an insured risk constitutes simply *a* concurrent proximate cause of the injuries. That multiple causes may have effectuated the loss does not negate any single cause; that multiple acts concurred in the infliction of injury does not nullify any single contributory act."

While no California court has construed policy provisions identical to those here, the Illinois Appellate Court did so in *Carlson* v. *New York Life Insurance Co.,* 76 Ill.App.2d 187 [222 N.E.2d 363] and held that a preexisting disease or illness, although contributing to the loss resulting from the accident, does not relieve the insurer of liability where the accident is the proximate cause of the loss. We think an identical result is compelled here under the *Brooks* rule and that the slightly different wording of the policy provisions here is not controlling.

We think the application of the rule is particularly apt here, where the insured was suffering from a condition that in and of itself would not have caused his death, but had to be set in motion by the accident. Thus, contrary to the insurer's contention, the evidence supports the conclusion of law that the insured died as a result of accidental bodily injury and was entitled to the double indemnity death benefits.

The judgment is affirmed.

Kane, J., and Rouse, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 16, 1975.

---

and the *Stokes* court overlooked the fact that in *Evans,* two different policies were involved; one contained the "contributed to" provision; the other did not, and the court denied recovery under both.