**SAFECO INSURANCE CO. OF AMERICA, et al., Plaintiffs-Appellees,**

v.

**William GUYTON, et al., Defendants-Appellants.**

Nos. 79-3359, 79-3385 thru 79-3397, 79-3456, 80-5087 and 80-5563.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 1981.

Decided May 17, 1982.

As Amended Nov. 17, 1982.

Rehearing and Rehearing En Banc Denied Dec. 13, 1982.

Jerrold M. Fadem, Fadem, Berger & Norton, Santa Monica, Cal., David P. DeLancy, Newport Beach, Cal., Peter S. Burrows, Los Angeles, Cal., Michael M. Berger, Santa Monica, Cal., William A. Francis, Hollywood, Cal., for defendants-appellants.

Brian E. Brick, Jones & Wilson, Los Angeles, Cal., for third party defendants-appellees.

Long & Levit, Gerald M. Lachowicz, Jeffrey H. Leo, Los Angeles, Cal., for plaintiffs-appellees.

Appeal from the United States District Court for the Central District of California.

Before TANG and BOOCHEVER, Circuit Judges, and TANNER,* District Judge.

TANG, Circuit Judge:

This is a consolidated appeal from a district court judgment 471 F.Supp. 1126 awarding declaratory relief to insurance companies from coverage liability and dismissing counterclaims brought by policyholders. The policyholders contend the dis-

trict court erred in: (1) ruling that the policy did not cover the loss suffered, even though one proximate cause of the loss was covered under the policy; (2) dismissing one of the policyholders' counterclaims for want of subject matter jurisdiction; (3) dismissing a counterclaim alleging bad faith denial of the policyholders' claims; and (4) refusing expert testimony to explain the policy's meaning.

FACTS

On September 10, 1976, record rains accompanying Hurricane Kathleen broke through flood control facilities and inundated parts of the City of Palm Desert, California. The appellants ("the Policyholders") are property-owners who suffered extensive property damage from the floodwaters.

Palm Desert, located in the Coachella Valley, is in an area historically vulnerable to flooding. Various measures have been taken to prevent floodwaters from invading inhabited areas. A channel and sand levee of unknown origin were built between 1939 and 1949 to keep run-off water in a natural flood channel to the east of Palm Desert. The state also built levees near Highway 74 to control floodwater. In addition, the Water District of Coachella Valley ("the Water District") in 1955 constructed a sand dike south of Palm Desert. All these structures failed to halt flooding by Hurricane Kathleen.

The Policyholders held "all-risk homeowners" policies issued by various insurance companies (for convenience, referred to as "Safeco"). The policies covered losses caused by third party negligence. All the policies, however, contained an exclusion, printed in bold letters:

THIS POLICY DOES NOT INSURE AGAINST LOSS:

.        .        .        .        .

1. CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY ANY OF THE FOLLOWING:

---

* Honorable Jack E. Tanner, United States District Judge for the District of Washington, sitting by designation.

a. FLOOD, SURFACE WATER, WAVES, TIDAL-WATER OR TIDAL WAVE, OVERFLOW OF STREAMS OR OTHER BODIES OF WATER, OR SPRAY FROM ANY OF THE FOREGOING, ALL WHETHER DRIVEN BY WIND OR NOT;

Safeco denied claims for losses incurred in the flood. Shortly after this denial, Safeco brought an action in federal district court in diversity seeking a declaratory judgment that the Safeco policy excluded the flood damage. The Policyholders answered, asserting their losses were proximately caused by the Water District's negligence in maintaining flood-control structures and that the losses were covered under the policies as a loss caused by third party negligence. The Policyholders also asserted two counterclaims. The first counterclaim sought contract damages for Safeco's failure to pay on their insurance claims. The second counterclaim asserted liability in tort for Safeco's alleged bad faith refusal to pay the claims.

Two of the Policyholders, Michael and Josephine Purpura ("the Purpuras") asserted an additional counterclaim against Safeco, alleging that Safeco was negligent in providing an insurance policy that inadequately covered the Purpuras' property. The Purpuras also named, as third party defendants in this counterclaim, the insurance agent, Michael Collins, and the agency that sold them the insurance policy, Collins & Associates (collectively referred to as "Collins").

For the purpose of diversity jurisdiction, Safeco is a Washington citizen and the Purpuras and Collins are California citizens. The Purpuras based subject matter jurisdiction over Collins on pendent party jurisdiction, and argued that the district court could assert jurisdiction over the claim against the non-diverse party, Collins, as a claim ancillary to the claim against the diverse party, Safeco.

During trial, the Policyholders offered expert testimony to substantiate their argument that policies similar to Safeco's are normally interpreted to cover losses such as those sustained by the Policyholders. The district court refused to admit the expert testimony and ruled that the meaning of the language in the Safeco policy was clear and unambiguous without reference to extrinsic evidence.

After trial, the district court ruled that even assuming the Water District's negligence was a proximate cause of the Policyholders' loss, the flood was the "efficient" proximate cause of the loss and the insurance policies did not cover the Policyholders' loss. The district court granted Safeco's prayer for declaratory relief and dismissed the Policyholders' first two counterclaims. The court subsequently granted Safeco summary judgment on the Purpuras' counterclaim. Two months later, the court dismissed the counterclaim against Collins for lack of subject matter jurisdiction, holding that the Purpuras could not rely upon pendent party jurisdiction as a jurisdictional basis for suing Collins.

The Policyholders appeal the declaratory judgment and the dismissal of their counterclaims. The Purpuras appeal the dismissal of their third party claim against Collins.

We affirm in part and reverse in part.

*Scope of Policy Coverage.*

After reviewing the applicable California authority, the district court concluded that coverage should be found only if the covered risk was the "sole or efficient proximate cause" of the loss and the covered risk preceded in time the operation of the excluded risk. Focusing on the fact that the flood preceded the failure of the flood control structures, the court concluded that the policies did not cover the Policyholders' loss.

We conclude that the district court misinterpreted California law and we therefore reverse the judgment on liability granted to Safeco.

In so proceeding, we are mindful of the rule that interpretations of state law by a district judge of the law of the state in which he sits are entitled to deference. *Clark v. Musick,* 623 F.2d 89, 91 (9th Cir. 1980). This standard of review stems from

the rationale that district judges are familiar with the law in the state in which they sit, both from their current experience in living in the legal milieu of their home state and from past experience as attorneys in the state prior to becoming judges. Where, as here, the district judge is from an outside jurisdiction, however, and only sitting by designation in the local district court, such deference is less appropriate. Since the instant controversy turns on an interpretation of California law, we find it unnecessary to accord that degree of deference typically given. *See Allen v. Greyhound Lines, Inc.*, 656 F.2d 418, 421–22 (9th Cir. 1981).

■ Although the district court was correct in stating that California courts have found coverage where an included peril sets in motion a "chain of events" that includes the occurrence of an excluded peril and ultimately results in the loss,[1] the most recent California Supreme Court authority[2]

(which was not addressed by the district court) also allows coverage in situations not precisely within that factual setting.[3] In *State Farm Mutual Automobile Insurance Co. v. Partridge*, 10 Cal.3d 94, 514 P.2d 123, 109 Cal.Rptr. 811 (1973), the insured was covered under a homeowner's policy and an automobile policy issued by the same insurer. The homeowner's policy contained an exclusionary clause that excluded coverage for injuries "arising out of the use" of an automobile. While negligently driving his vehicle, the insured caused the discharge of a .357 Magnum pistol that had been modified by him, and injured his passenger. The question presented was whether there was coverage for the insured's negligent acts under the homeowner's policy, despite the language of the exclusion clause. The court, in holding that the loss was covered, stated:

> Although there may be some question whether either of the two causes in the instant case can be properly characterized

1. *See Brooks v. Metropolitan Life Insurance Co.*, 27 Cal.2d 305, 163 P.2d 689 (1945) (fire (included peril) burns insured's apartment; insured because of mental and physical disability (excluded peril) cannot escape and dies (the loss) as a result); *Arata v. California-Western States Life Insurance Co.*, 50 Cal.App.3d 821, 123 Cal.Rptr. 631 (1975) (the insured slipped and fell (included peril), causing subdural bleeding, which due to preexisting condition of hemophilia (excluded peril), did not stop, resulting in death (the loss)); *Gillis v. Sun Insurance Office, Ltd.*, 238 Cal.App.2d 408, 47 Cal.Rptr. 868 (1965) (wind (included peril) broke off gangway, which fell on dock, causing dock to subside into the water; wave action (excluded peril) works on the half-submerged dock, resulting in the dock sinking (the loss)); *Sauer v. General Insurance Co. of America*, 225 Cal.App.2d 275, 37 Cal.Rptr. 303 (1964) (leaking pipe (included peril) causes earth to sink (excluded peril) resulting in the destruction to dwelling foundation (the loss)); *Happoldt v. Guardian Life Insurance Co. of America*, 90 Cal.App.2d 386, 203 P.2d 55 (1949) (the insured fractured his leg in an accident (included peril), requiring an operation; post-surgery weakness and the insured's pre-existing asthma (excluded peril) induced pneumonia, killing the insured (the loss)).

2. Generally, federal courts when construing state law must follow the most recent decisions of the highest court of the state. *See Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327 (1941); *Toole County*

*Irrigation Dist. v. Moody*, 125 F.2d 498 (9th Cir.), *cert. denied*, 316 U.S. 690, 62 S.Ct. 1281, 86 L.Ed. 1762, *reh. denied*, 317 U.S. 704, 63 S.Ct. 24, 87 L.Ed. 562 (1942).

3. *See State Farm Mutual Automobile Insurance Co. v. Partridge*, 10 Cal.3d 94, 514 P.2d 123, 109 Cal.Rptr. 811 (1973) (insured negligently files down gun trigger to have a hair trigger (included peril), insured drives car negligently (excluded risk) while gun is in his lap, gun fires when car lurches, wounding passenger (the loss)); *Sabella v. Wisler*, 59 Cal.2d 21, 377 P.2d 889, 27 Cal.Rptr. 689 (1963) (dwelling settles because of inadequate fill (excluded peril), breaking improperly installed sewer pipe (included peril), leaking water accelerates settling (excluded peril), damaging the dwelling (the loss)); *Hughes v. Potomac Insurance Co. of District of Columbia*, 199 Cal.App.2d 239, 18 Cal.Rptr. 650 (1962) (infiltration of rain water (excluded peril) and rain (included peril) cause rise in ground water, causing a landslide, leaving insured's house on a cliff (the loss)); *Zimmerman v. Continental Life Insurance*, 99 Cal.App. 723, 279 P. 464 (1929) (insured, while riding a motorcycle at high speed (excluded peril) hit a train broadside (included peril), resulting in death (the loss)). In fairness to Safeco, the *Sabella* decision uses the "cause of events" terminology, 377 P.2d at 895, 27 Cal.Rptr. at 695, but the test's application to the facts presented appears forced and arbitrary.

as *the* "prime", "moving" or "efficient" cause of the accident, we believe that coverage under a liability insurance policy is equally available to an insured whenever an insured risk constitutes simply *a* concurrent proximate cause of the injuries.

514 P.2d at 130, 109 Cal.Rptr. at 818 (emphasis in original); *see also id.* at 130, 109 Cal.Rptr. at 818 n. 10 (suggesting that tort concepts of proximate cause are co-extensive with legal causation under insurance contract coverage provisions).

Safeco attacks the relevance of *Partridge* on several grounds. It first argues that the *Partridge* test only applies where the *same person* initiates two independent acts that result in a loss. The *Partridge* court itself, however, stated that its decision did not turn on the fact that the same individual was responsible for both causes of the loss at issue. 514 P.2d at 130 n.10, 109 Cal.Rptr. at 818 n.10.

Second, Safeco argues that *Partridge* only applies where two causes operate independently of each other to cause a loss. Safeco argues that this condition is not satisfied here because the negligently constructed flood control structures would have functioned properly but for the flood knocking them down. We believe Safeco misconceives what the *Partridge* court meant by "independent concurrent causes". As the Policyholders note, the twin causes in *Partridge* were independent only in the sense that each cause had an independent origin, not that they did not interact with one another to cause the loss. Just as the flood control structures here would not have collapsed without the flood striking them, the gun in *Partridge* would not have fired without the lurching of the car which jolted the

gun's hair-trigger. In both cases, two independently created conditions interacted to cause a loss.

*Partridge* is dispositive in the Policyholders' favor. The district court erred in concluding that the flood exclusion clause excluded the Policyholders' loss even if third party negligence was a proximate cause of the loss.

*Jurisdiction over Third Party Defendant, Collins.*

█ Policyholders argue that the district court erred in dismissing the Purpuras' third party complaint against Collins for want of subject matter jurisdiction.

The claim raises the question whether a federal court may assert pendent party jurisdiction over a person who is a third party defendant in a claim brought under Rule 13(a) & (h) of the Federal Rules of Civil Procedure[4] where the claim is unsupported by an independent federal jurisdictional base. An independent jurisdictional base is missing because the Purpuras and Collins are citizens of the same state and the claim the Purpuras assert is in negligence, a non-federal cause of action. We conclude that pendent party jurisdiction does not exist over the Purpuras' claim against Collins.

This circuit historically has been hostile to the concept of pendent party jurisdiction. *See generally* Note, *Federal Pendent Party Jurisdiction and United Mineworkers v. Gibbs—Federal Question and Diversity Cases,* 62 U.Va.L.Rev. 194, 206–08 (1976). We have repeatedly held that parties may not be added to an action absent an independent jurisdictional base for inclusion and that pendent party jurisdiction will not substitute for complete diversity or a federal question.[5]

---

**4.** The motion papers contained in the Record Excerpt do not reveal whether Collins was brought into the action by use of Rule 13 or Rule 14 of the Federal Rules of Civil Procedure. The Purpuras rely upon both rules in their brief. As Collins notes, however, the Purpuras claim does not fit within Rule 14 impleader, since their claim against Collins is not for indemnification or contribution for any judgment awarded to Safeco. The Purpuras instead seek to join Collins as a co-defendant in a counter-

claim initiated against Safeco for negligently providing an insurance policy that did not adequately cover the Purpuras' property. The Purpuras' failure to fit their claim within the confines of Rule 14 is not fatal, however, as the claim appears to qualify for inclusion in the action under Rule 13(a) & (h).

**5.** *See Libby, McNeill, & Libby v. City National Bank,* 592 F.2d 504, 510 (9th Cir. 1978); *Ayala v. United States,* 550 F.2d 1196, 1198–2000 (9th

The Purpuras acknowledge this circuit's reluctance to recognize pendent party jurisdiction, but argue that prior circuit precedent deals only with situations where plaintiffs have attempted to bring in non-diverse defendants on non-federal claims or situations where a putative party has attempted to join an action as a co-plaintiff to sue a non-diverse defendant on a non-federal claim. The Purpuras argue that their status as defendants warrants the application of a more lenient rule concerning pendent party jurisdiction.[6] Indeed, there are limited instances in which some lower courts have allowed the joinder of third party defendants under pendent party jurisdiction. Such joinder was permitted, however, only in instances where it was sought in conjunction with defendants' compulsory counterclaims. *See Matter of Penn Central Transportation Co.,* 419 F.Supp. 1376 (E.D.Pa. 1976); *Carter Oil Co. v. Wood,* 30 F.Supp. 875 (E.D.Ill.1940). The instant case, however, is not in such a procedural posture.

The Purpuras' original counterclaim was against both Collins and the original plaintiff, Safeco. The district court, however, dismissed the Purpuras' counterclaim as to Safeco prior to ruling on the pendent party issue, and the Purpuras have not appealed

this judgment. The existence of pendent jurisdiction should be re-evaluated throughout the pendency of litigation. *United Mine Workers v. Gibbs,* 383 U.S. 715, 727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *see also Wren v. Sletten Construction Co.,* 654 F.2d 529, 536 (9th Cir. 1981). Upon dismissal of the counterclaim against the original plaintiff, the third party complaint lost its character as a counterclaim and became a third party claim asserting a cause of action independent from any cause of action asserted against the original plaintiff, Safeco. Even those lower courts which allowed joinder of third party defendants under pendent party jurisdiction would not allow such a joinder under the facts of this case. *See Dunbar & Sullivan Dredging Co. v. Jurgensen Co.,* 44 F.R.D. 467 (S.D.Ohio 1967), *aff'd,* 396 F.2d 152 (6th Cir. 1968) (dismissing for want of jurisdiction).

We therefore affirm the district court's dismissal of the Purpuras' claim against Collins for want of subject matter jurisdiction.

*Bad Faith*

Policyholders argue that the district court erred in dismissing the counterclaim which asserted that Safeco was liable in tort for

---

Cir.), *cert. denied,* 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978); *Blake v. Pallan,* 554 F.2d 947, 957–58 (9th Cir. 1977); *Aldinger v. Howard,* 513 F.2d 1257, 1259–61 (9th Cir. 1975), *aff'd on other grounds,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Moor v. Madigan,* 458 F.2d 1217, 1220–22 (9th Cir. 1972), *aff'd in relevant part sub. nom Moor v. Alameda County,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Hymer v. Chai,* 407 F.2d 136, 137–38 (9th Cir. 1969); *Kataoka v. May Department Stores, Co.,* 115 F.2d 521, 522 (9th Cir. 1940).

**6.** The strongest support for the Purpuras' position is found in *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In *Owen* the plaintiff attempted to assert a state law claim against a non-diverse third party defendant who the original defendant had impleaded. In denying jurisdiction over the claim, the Court stated:

... the nonfederal claim here was asserted by the plaintiff, who voluntarily chose to bring suit upon a state-law claim in federal

court. By contrast, ancillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court. A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must thus accept its limitations. "[T]he efficiency plaintiff seeks so avidly is available without question in the state courts."

*Id.* at 376, 98 S.Ct. at 2404 (footnotes and citations omitted). Although the reasoning is sympathetic to the Purpuras' position, it must be noted that *Owen* does not hold that defendants may use pendent party jurisdiction to bring a non-diverse third party into the action. Moreover, because of this circuit's historic hostility to pendent party jurisdiction, we believe the above quoted language affords the Purpuras little aid.

its alleged bad faith refusal to pay the policyholders' claims.[7] We do not agree.

This court may uphold correct conclusions of law even though they are reached for the wrong reason or for no reason, and we may affirm a correct decision on any basis supported by the record. *United States v. Washington*, 641 F.2d 1368, 1371 (9th Cir. 1981). Although the district court did not specify the grounds on which it entered judgment for Safeco on this cause of action, it may have concluded that since the policy in dispute involved a genuine issue concerning legal liability, Safeco could not, as a matter of law, have been acting in bad faith by refusing to pay on the Policyholders' claims. Although we conclude that Policyholders' losses are covered by the policy if third-party negligence is established, we agree that there existed a genuine issue as to Safeco's liability under California law. We therefore affirm the dismissal of Policyholders' claims of bad faith.

*Admissibility of Policyholders' Expert Testimony.*

Policyholders argue that the district court erred in ruling inadmissible their expert's testimony concerning the policy's meaning. In light of our finding that the policies cover the losses if the policyholders can establish third-party negligence, we need not reach this question. As to the bad faith issue the question of coverage presented such a close question under California law that the testimony could not have changed the result.

CONCLUSION

The district court's judgment that Policyholders' losses are not covered is reversed. The district court's dismissal of Policyholders' claims of bad faith and the dismissal of the Purpuras' counterclaims for want of subject matter jurisdiction are affirmed. In light of the foregoing conclusions, we find it unnecessary to reach the question of admissibility of Policyholders' expert testimony.

AFFIRMED in part, REVERSED in part and REMANDED.

---

7. Under California law an insurer may be liable for the tort of bad faith if it fails to deal fairly and in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy. *See* *Neal v. Farmers Insurance Exchange*, 21 Cal.3d 910, 920, 148 Cal.Rptr. 389, 394, 582 P.2d 980, 985 (1978); *Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 574, 108 Cal.Rptr. 480, 485, 510 P.2d 1032, 1037 (1973).