985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wilbur BLUME, Mary Blume, Plaintiffs-Appellants, Cross-Appellees,
v.
OHIO CASUALTY INSURANCE COMPANY; Ohio Casualty Group,
Defendants-Appellees, Cross-Appellants.
 Nos. 91-55706, 91-55920.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1993.
Decided Jan. 28, 1993.
 
 1
 Before CANBY and WILLIAM A. NORRIS, Circuit Judges and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Mary Blume and her late husband Wilbur brought this action against the Ohio Casualty Insurance Company ("Ohio") for its handling of a claim they filed after a fire severely damaged their home. The jury found that Ohio breached its duty of good faith and fair dealing when it undervalued the loss and forced the Blumes to seek arbitration. The jury awarded the Blumes $63,000 in compensatory damages and $2 million in punitive damages. The district court rejected Ohio's challenge to the compensatory damage award, but granted the insurer's motion for judgment notwithstanding the verdict (JNOV) on punitive damages. Blume appeals the JNOV, and Ohio cross-appeals on the liability issue. We affirm in both appeals.
 
 Compensatory Damages
 
 4
 The Blumes argue that Ohio's selected adjuster calculated a scope of loss sufficient only to perform "cosmetic repairs" to the home rather than restore it to its condition before the fire. They contend that the adjuster, with Ohio's blessing, forced contractors to bid within the adjuster's scope of loss.[1] Under California law the Blumes must offer direct evidence of Ohio's improper purpose to recover damages for bad faith. See California Shoppers, Inc. v. Royal Globe Ins. Co., 175 Cal.App.3d 1, 47-48, 221 Cal.Rptr. 171, 196-97 (1985). The record before us contains direct evidence of improper purpose.
 
 
 5
 Each of the three contractors that bid on repairing the Blume home bid within $500 of each other. One contractor lowered its bid after it was warned that its original bid was too high. Although Ohio insists that it told the contractors they could add to the initial scope, a reasonable jury could find by a preponderance of the evidence that Ohio handled the Blumes' claim in bad faith. California Shoppers requires only that an inference of improper purpose be rooted in some direct evidence of wrongdoing. See id. The Blumes met that standard.[2]
 
 Punitive Damages
 
 6
 We review de novo a motion for JNOV. The motion is properly granted when "the evidence permits only one reasonable conclusion as to the verdict." In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 816 (9th Cir.1992). All of the evidence is considered in the light most favorable to the Blumes and all reasonable inferences are drawn in their favor. See id.
 
 
 7
 The Blumes are entitled to punitive damages only if the evidence clearly and convincingly shows that the insurer "has been guilty of oppression, fraud, or malice." Cal.Civ.Code Section 3294(a). Oppression, fraud, or malice means more than undervaluing a claim to cut costs. Punitive damages are proper only if Ohio intended to harm the Blumes or if it acted with conscious disregard of the risk of harm, meaning that Ohio understood the consequences of its actions and deliberately chose to maintain its position. See Travelers' Ins. Co. v. Lesher, 187 Cal.App.3d 169, 200, 231 Cal.Rptr. 791, 807 (1986).
 
 
 8
 Although Ohio's aim to "keep costs in line" supports a finding of bad faith, there is insufficient evidence that the insurer wished to harm the Blumes or acted with conscious disregard for their welfare. Mere refusal to settle on the insured's terms is not malicious, oppressive, or fraudulent conduct. See Miller v. National American Ins. Co., 54 Cal.App.3d 331, 338, 126 Cal.Rptr. 731, 734 (1976). In addition, the Blumes have offered no evidence that Ohio's conduct towards them was part of a nationwide policy on the part of Ohio.
 
 
 9
 We conclude that, although the compensatory damage award is proper, the district court correctly granted JNOV for Ohio on the punitive damage issue. Our decision today is consistent with the approach of California courts in similar appeals. See, e.g., Beck v. State Farm Mut. Automobile Ins. Co., 54 Cal.App.3d 347, 355-56, 126 Cal.Rptr. 602, 607 (1976) (sustaining compensatory damage award but voiding punitive damage award because insufficient evidence existed to determine the insurer's intent).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Ohio does not challenge its potential liability for the acts of the adjuster
 
 
 [2]
 We decline to view this case solely as a dispute over an ambiguous policy provision. The district court relied on that view to void the punitive damage award under Safeco Ins. Co. of America v. Guyton, 692 F.2d 551, 557 (9th Cir.1982) (applying California law). Whether couched in terms of repair or replacement, however, the dispute between the Blumes and Ohio revolves around the amount of money needed to restore the home to its preexisting condition. The jury could have found that Ohio intentionally prescribed an unjustifiably low repair figure. We uphold the verdict as supported by substantial evidence. Davis v. Mason Cty., 927 F.2d 1473, 1486 (9th Cir.), cert. denied, 112 S.Ct. 275 (1991)