50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHICAGO INSURANCE COMPANY, Plaintiff-Appellee,
v.
Ruben CABIGAS; Sonya Cabigas, Defendants-Appellants.
 No. 93-16438.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 16, 1995.
Decided March 13, 1995.
 
 Before: HUG, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Cabigases appeal the district court's judgment denying their claims for (1) coverage under an earthquake insurance policy and (2) breach of the duty of good faith and fair dealing. We have jurisdiction, 28 U.S.C. Sec. 1291, and affirm.
 
 I. Causation
 
 3
 The district court instructed the jury to find the loss of the Cabigases' home covered if it concluded that earthquake was the "predominant" or "most important event in producing the loss." The instruction on causation established the elements to be proven at trial. We review de novo. Jenkins v. Union Pac. R.R., 22 F.3d 206, 210 (9th Cir.1994).
 
 
 4
 There was no objection to the instruction in accord with Federal Rule of Civil Procedure 51.[1] We have no "plain error" exception to Rule 51. Glover v. Bic Corp., 6 F.3d 1318, 1326 (9th Cir.1993). There is, however, a limited "futility exception." Id. The Cabigases hotly contested the causation issue in pretrial briefing and hearings. This was sufficient to preserve the issue for appeal. See Lifshitz v. Walter Drake & Sons, Inc., 806 F.2d 1426, 1430-31 (9th Cir.1986).
 
 
 5
 In Garvey v. State Farm Fire and Casualty, 48 Cal.3d 395, 257 Cal.Rptr. 292 (1989), the California Supreme Court held that under an all-risk insurance policy with specific exclusions, when a loss is caused by a combination of covered and specifically excluded risks, the loss is covered if the covered risk was the efficient proximate cause of the loss. Garvey, 48 Cal.3d at 402-03, 257 Cal.Rptr. at 295; State Farm Fire and Casualty v. Von Der Lieth, 54 Cal.3d 1123, 1131-32, 2 Cal.Rptr.2d 183, 188-89 (1991). Efficient proximate cause means the predominant cause. Garvey, 48 Cal.3d at 402-403, 257 Cal.Rptr. at 295-96.
 
 
 6
 This case, however, does not present the "classic Garvey situation." See Von Der Lieth, 54 Cal.3d at 1133, 2 Cal.Rptr.2d at 190. The Cabigases' loss was caused by a combination of covered and non-covered (as opposed to specifically excluded) perils. The Cabigases would distinguish Garvey because of the supposedly stronger equities favoring the insured under a specified-peril policy. Although the result may be harsh,[2] Garvey fails to support such a distinction.
 
 
 7
 Garvey explicitly rejected the notion that the concurrent causation theory applied in the liability insurance context could properly be applied in the first-party property insurance context. 48 Cal.3d at 410 n. 9, 257 Cal.Rptr. at 301 n. 9. Although presented with an all-risk policy, in distinguishing liability from property insurance, Garvey equated the causation problems presented under all-risk and specified-peril policies:
 
 
 8
 "If one of the causes (perils) arguably falls within the coverage grant--commonly either because it is specifically insured (as in a named peril policy) or not specifically excepted or excluded (as in an 'all risks' policy)--disputes over coverage can arise. The task becomes one of identifying the most important cause of the loss and attributing the loss to that cause."
 
 
 9
 Garvey, 48 Cal.3d at 406, 257 Cal.Rptr. at 298 (emphasis added) (quoting Michael E. Bragg, Concurrent Causation and the Art of Policy Drafting: New Perils for Property Insurers, 20 Forum 385, 386 (1985)). Given its primary focus on the first-party nature of the insurance at issue in Garvey, we are satisfied that the California Supreme Court would apply the Garvey causation standard to a specified-peril policy.
 
 II. Burden of Proof
 
 10
 The Cabigases argue that the district court erred in assigning the burden of proof on the issue of predominant cause. The jury was instructed to decide "whether the Cabigases have established by a preponderance of the evidence that the loss they suffered falls within the coverage clause of their earthquake insurance policy."
 
 
 11
 There was no objection to the burden of proof instruction.[3] The Cabigases' trial brief explicitly "recognizes that they have the burden of proof as to causation." The issue was waived.
 
 III. Special Verdict Form
 
 12
 The Cabigases contend that the special verdict form given to the jury improperly diluted their evidence on proximate cause because it allowed the jury to consider causes aside from earthquake and rainfall. There was no objection to the special verdict form prepared by the court. The issue was waived.
 
 
 13
 IV. Partial Summary Judgment on Bad Faith Claim
 
 
 14
 The Cabigases argue that, in light of factual disputes over Chicago's handling of their insurance claim, partial summary judgment on their bad faith claim was improper. We review the district court's grant of partial summary judgment de novo. See Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 15
 A claim for breach of the implied covenant of good faith and fair dealing can arise under California law "when an insurer fails to deal fairly and in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy." Neal v. Farmers Ins. Exch., 21 Cal.3d 910, 920, 148 Cal.Rptr. 389, 394 (1978) (quotation omitted). The district court did not err in granting partial summary judgment because "there existed a genuine issue as to [the insurer's] liability under California law." Safeco Ins. Co. v. Guyton, 692 F.2d 551, 557 (9th Cir.1982), disapproved on other grounds, Garvey v. State Farm Fire and Casualty, 48 Cal.3d 395, 257 Cal.Rptr. 292 (1989).
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The rule provides in relevant part: "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."
 
 
 [2]
 See Garvey, 48 Cal.3d at 416, 257 Cal.Rptr. at 305 (Justice Mosk, dissenting) ("The majority, I must acknowledge, have succeeded in reaching a clear result: in this court, the insurer wins and the insureds lose.")
 
 
 [3]
 Before closing arguments, the court conferred with counsel on the instructions it proposed to give. Included among those discussed was the instruction assigning the burden of proof to the Cabigases. At that hearing the following exchange took place:
 The Court: All right. Mr. Cooper, what instructions of those that I've proposed to give do you have objection to, if any?
 Mr. Cooper: No objection to any that's presented, your Honor.