**AURAFIN–OROAMERICA, LLC, a Delaware limited liability company, Plaintiff—Appellant,**

v.

**FEDERAL INSURANCE COMPANY, an Indiana corporation, Defendant—Appellee.**

No. 04–56681.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2006.

Filed June 26, 2006.

David A. Gauntlett, Esq., M. Catherine Reid, Esq., Gauntlett & Associates, Irvine, CA, for Plaintiff–Appellant.

Paul S. White, Esq., Tressler, Soderstrom, Maloney & Priess, Los Angeles, CA, for Defendant–Appellee.

Before: THOMAS and GOULD, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Aurafin–OroAmerica, LLC ("OroAmerica") appeals the district court's grant of summary judgment to Federal Insurance Company ("Federal"). We affirm in part, and reverse in part. Because the parties are familiar with the facts and procedural history of this case, we will not recount it here.

### I

■ The district court erred when it held that D & W's counterclaims against OroAmerica did not state a potential libel claim. The facts alleged in D & W's counterclaims, taken together, could potentially allege a claim for true libel because an allegation that D & W was a patent infringer—a pejorative allegation of shady business practices—was implicit in OroAmerica's statement to QVC that D & W's gold chains infringed its patents. *See Atlantic Mut. Ins. Co. v. J. Lamb, Inc.,* 100 Cal.App.4th 1017, 123 Cal.Rptr.2d 256, 269 (2002).

To the extent that the district court found that D & W's counterclaims alleged each element of libel, but that the facts did not support a libel claim as a matter of law, the district court applied the wrong legal standard and impermissibly considered the merits of the libel claim. The viability of the underlying claim against the insured does not affect an insurance company's duty to defend. Rather, even "when the underlying action is a sham," the insurer may terminate its duty to defend only by "demur[ring] or obtain[ing] summary judgment on its insured's behalf." *Horace Mann Ins. Co. v. Barbara B.,* 4 Cal.4th 1076, 17 Cal.Rptr.2d 210, 846 P.2d 792, 799 (1993). Thus, the district court erred when it relieved Federal of its duty to defend based on the merits of D & W's underlying defamation claim.

### II

■ The district court also erred when it held that even if D & W's counterclaims alleged a potential defamation claim, the intellectual property exclusion precluded coverage. First, there is no intellectual property right to be free from patent misuse. Patent misuse does not allege infringement of one's patents. Rather, patent misuse is an equitable defense to a claim of patent infringement that

> arose to restrain practices that *did not in themselves violate any law,* but that drew anticompetitive strength from the patent right, and thus were deemed to be contrary to public policy. The policy purpose was to prevent a patentee from using the patent to obtain market benefit beyond that which inheres in the statutory patent right.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 704 (Fed.Cir.1992) (emphasis added). Because patent misuse is not a true intellectual property claim, it does not fall within the policy's intellectual property exclusion.

■ Second, under California law, exclusions to insurance policies must be "conspicuous, plain, and clear." *MacKinnon v. Truck Ins. Exchange*, 31 Cal.4th 635, 3 Cal.Rptr.3d 228, 73 P.3d 1205, 1207 (2003). The intellectual property exclusion at issue in this case did not meet the *MacKinnon* standard because it is unclear what the exclusion meant when it excluded statements made in "defense" of intellectual property rights.

### III

■ The district court properly held that Federal did not breach the covenant of good faith and fair dealing. An insurer is entitled to summary judgment on a claim that it breached the covenant of good faith and fair dealing where its interpretation of the policy at issue, though incorrect, was reasonable. *Safeco Ins. Co. v. Guyton*, 692 F.2d 551, 557 (9th Cir.1982). Here, though Federal's interpretation of the policy was incorrect, Federal's construction was sufficiently reasonable to convince a district court not once, but twice, that its reading of the policy was correct. As a result, Federal is entitled to summary judgment on this claim. *See Karen Kane, Inc. v. Reliance Ins. Co.*, 202 F.3d 1180, 1190 (9th Cir.2000).

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.