**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff,**

v.

**ESTATE OF Sean EVONIUK, Timothy Evoniuk, Debra Evoniuk, Kathryn Langman Clark, and Progressive Casualty Insurance Company, Defendants.**

**No. C–87–3987 SAW.**

United States District Court, N.D. California.

March 8, 1988.

Sally C. McDonald, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, San Francisco, Cal., for plaintiff.

Jeffrey G. Nevin, Castleman & Haskell, Hayward, Cal., Charles Hayden, Rancho Cordova, Cal., for defendants.

Kathryn Clark, in pro per.

**ORDER**

WEIGEL, District Judge.

I. *Background.*

Plaintiff State Farm Fire and Casualty Company sues defendants for a declaratory judgment that it owes no duty to defend nor indemnify defendants Timothy and Debra Evoniuk and the Estate of Sean Evoniuk in a suit against them brought by Kathryn Langman Clark in Contra Costa County Superior Court.

The case arises out of a motorcycle accident, on February 10, 1986, involving Clark and decedent, Sean Evoniuk, a sixteen year old minor. Sean allegedly had been drinking at home with several friends, and in the presence of his mother, Debra Evoniuk. He then went for a motorcycle ride with a companion, and, while driving at a high rate of speed, crossed the center line, collided with the vehicle driven by Clark, and skidded across the road, down an embankment, and into a tree. Sean was killed in the accident, and Clark was injured.

On January 27, 1987, Clark filed the underlying suit alleging, *inter alia*, that Sean was under the influence of alcohol at the time of the collision, that Timothy and Debra Evoniuk, his parents, negligently entrusted the motorcycle to him, and that they failed properly to supervise him in his use of the motorcycle.

The Progressive Casualty Insurance Company, as Sean's automobile insurer, tendered the $15,000 policy limit to Clark's attorney. Acceptance was refused on the grounds that Clark had suffered serious and permanent injuries in excess of that amount, and that defendants had sufficient personal assets to respond to a higher judgment.

Timothy and Debra Evoniuk have a homeowner's policy from State Farm with liability limits of $300,000 per occurrence. Sean Evoniuk was covered as a resident under the age of 21 in the care of the named insureds. Defense of the underlying suit was tendered to State Farm by Progressive pursuant to the terms of the homeowner's policy on March 3, 1987, and re-tendered on June 17, 1987. On both

occasions, State Farm declined coverage, and later instituted this action for declaratory relief. State Farm now seeks summary judgment on the ground that the acts complained of in the underlying suit fall within specific exclusions of the homeowner's policy.

## II. *The Homeowner's Insurance Policy.*

Under the policy, State Farm is obligated to pay up to the limit of liability for damages for which the insured is legally liable, and to provide a legal defense at its expense. Declaration of Sally C. McDonald, January 15, 1988, Exhibit A at Section II—Liability Coverages, p. 11. The policy also contains specific exclusions from personal liability and medical payments to others for bodily injury or property damage (1) arising out of the use of a motor vehicle owned or operated by an insured and (2) arising out of the entrustment by an insured to any person of a motor vehicle. *Id.* at p. 12.

State Farm relies on these express exclusions in claiming that it owes no duty to defend or indemnify the Evoniuks as to Clark's state court action. Defendants concede that any liability of the Estate of Sean Evoniuk arising out of the accident and any liability of Timothy and Debra Evoniuk for negligent *entrustment* are not covered by the homeowner's policy. However, Timothy and Debra Evoniuk claim that they are covered because of their potential liability under state law for negligent *supervision* of their minor son, in that he was knowingly permitted to operate the motorcycle when he was under the influence of alcohol. Plaintiff concedes that, as a general proposition under state law, parents can be held independently liable for failing to properly supervise a minor child.

The sole issue before the Court is whether the policy exclusion relating to use of motor vehicles justifies State Farm's claim it has no duty to defend or indemnify the parents. For reasons now to be elaborated, the Court holds that claim to be well taken.

## III. *Standards for Summary Judgment.*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *See Jung v. FMC Corp.,* 755 F.2d 708, 710 (9th Cir.1985). To withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Cal. Arch. Bldg. Prod. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987) *citing Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

State Farm's position regarding coverage is straightforward. It correctly points out that the policy excludes coverage for damage arising out of the use of a motor vehicle by an insured, and that the damages to Clark arise entirely out of the use of the motor vehicle by Sean, insured as one under the age of 21 in care of Timothy and Debra Evoniuk, the named insureds. Further, State Farm claims that any liability of Timothy and Debra Evoniuk for negligent supervision is inseparable from the use of the motor vehicle and therefore also falls under the exclusionary provisions.

## IV. *The Concurrent Causation Doctrine.*

Defendants, on the other hand, invoke the state law doctrine of "concurrent causation" to find coverage for any liability of the parents for negligent supervision. This doctrine is applied in two distinct situations. Under *Sabella v. Wisler,* 59 Cal.2d 21, 27 Cal.Rptr. 689, 377 P.2d 889 (1963), if the occurrence of a risk covered under an insurance policy directly causes damage otherwise excluded, that damage is nevertheless covered. The second application of the doctrine, set forth in *State Farm v. Partridge,* 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123 (1973), held that where two independent causes proximately lead to damage to a third party, coverage will be found if either of those causes is covered under the policy. Neither the holdings in *Sabella* nor *Partridge* justify deciding in

this case that the damage to Clark resulted from a covered risk.

## A. Sabella.

*Sabella* deals with the situation whenever two perils, one excluded and the other covered, combine to cause a loss. 59 Cal.2d at 31–32, 27 Cal.Rptr. 689, 377 P.2d 889; *see also Safeco Ins. Co. of America v. Guyton*, 692 F.2d 551, 554 n. 10 (9th Cir. 1982). In *Sabella*, a negligently installed sewer line ruptured. That was a covered risk. Water flowing from the rupture flowed into the ground surrounding the house, causing the earth to settle (an excluded risk) and damaging the foundation.

The Court in *Sabella* held that, in determining coverage in such a case, a court should isolate the single cause that set in motion any other "causes" or "forces" or "chain of events" that led directly to the damage. 59 Cal.2d at 31–32, 27 Cal.Rptr. 689, 377 P.2d 889. Thus, if the moving cause is a covered risk, and the damage is the direct result, the damage is covered by the policy; otherwise, it is not.

In the instant case, the damage was caused by use of a motor vehicle. Liability for such damage was expressly excluded. In *Sabella*, the damage was caused by water flowing from a ruptured sewer pipe. There, damage from a negligently installed sewer line was expressly covered.

Clark may claim damages from Timothy and Debra Evoniuk as a result of their negligent supervision of Sean, but the plain language of the exclusion precludes any liability in State Farm to defend or indemnify.

## B. Partridge.

The *Partridge* doctrine applies if there are two "independent, concurrent proximate causes," of a loss, one an included risk and one excluded. 10 Cal.3d at 99, 109 Cal.Rptr. 811, 514 P.2d 123. *Partridge* held that "coverage under a liability insurance policy is equally available to an insured whenever an insured risk constitutes simply *a* concurrent proximate cause of the injuries." *Id.* at 104–05, 109 Cal.Rptr. 811, 514 P.2d 123 (emphasis in original).

*Partridge* also involved a homeowner's policy with an exclusion for bodily injury arising out of the use of a motor vehicle. *Id.* at 99, 109 Cal.Rptr. 811, 514 P.2d 123. Two separate and distinct negligent acts were involved in the injury: negligent driving of the vehicle, and the negligent alteration of a gun to have a "hair-trigger." The injury occurred when the insured negligently drove his car over rough terrain, causing the gun to go off. Since both acts proximately and concurrently contributed to the injury, and the one act covered by the homeowner's policy (negligent alteration of the gun) was entirely disconnected from the use of the motor vehicle, there was coverage under the homeowner's policy.

In *Safeco Ins. Co. v. Gilstrap*, 141 Cal. App.3d 524, 190 Cal.Rptr. 425 (1983), the court distinguished *Partridge* on reasoning equally applicable to the case at bar. *Safeco* also involved a homeowner's policy with an exclusionary clause for motor vehicle injuries. The insureds' minor son was involved in an accident as the driver of family-owned motorcycle. The insureds argued that liability for negligent entrustment of the motorcycle was independent from any use of a motor vehicle, and thus the exclusion did not apply.

The Court rejected that argument. It found that to avoid the policy exclusion, liability had to arise from conduct unrelated to and existing independently of any use of a motor vehicle *Id.* at 530–31. If the events giving rise to the insured's liability are solely and indivisibly related to the use of the excluded instrumentality, coverage is precluded. *Id.* The Court found that the insureds' liability for entrusting the motorcycle to their son could not be disassociated from the use of the motor vehicle itself. It was therefore not an independent act covered by the policy. *Id.* at 528.

These facts are virtually identical to those in the instant case. The Evoniuks' alleged negligent supervision of Sean cannot be separated from his alleged negligent use of the motorcycle. The events giving

rise to their potential liability are exclusively related to the use of a motor vehicle. Coverage for such liability is excluded.

Based on the clear language of the exclusion, any liability of defendants to Clark for negligent supervision is not covered by the homeowner's policy. Since there is no potential for coverage under the policy, State Farm has no duty to defend or indemnify defendants in the underlying action. *See Nichols v. Great American Insurance Company,* 169 Cal.App.3d 766 (1985). Accordingly,

IT IS HEREBY ORDERED that plaintiff State Farm's motion for summary judgment is granted.