**John FRANCESCHI,**
**Plaintiff–Appellant–Cross–Appellee,**

v.

**AMERICAN MOTORISTS INSURANCE COMPANY,**
**Defendant–Appellee–Cross–Appellant.**

**Nos. 87–6014, 87–6034.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 1988.

Decided July 29, 1988.

Ernest J. Franceschi, Seal Beach, Cal., for plaintiff-appellant-cross-appellee.

Arthur L. Franz, Galton & Helm, Los Angeles, Cal., for defendant-appellee-cross-appellant.

Before TANG, BOOCHEVER and O'SCANNLAIN, Circuit Judges.

TANG, Circuit Judge:

This dispute involves a question of coverage under an insurance policy issued by American Motorists Insurance Company (AMI) to John Franceschi. AMI denied coverage on the ground that Franceschi had received medical treatment within the time frame of a preexisting conditions limitation in the policy. On that basis, AMI appeals the district court's grant of partial summary judgment in favor of Franceschi on his claim for breach of insurance contract. Franceschi appeals the district court's grant of summary judgment in favor of AMI on his claims for breach of the implied covenant of good faith and fair dealing, breach of statutory duties under California Insurance Code § 790.03(h), punitive damages, and attorney's fees. The district court awarded Franceschi $24,095 plus prejudgment interest of 7% per annum on the principal. We affirm.

I.

On November 15, 1984, Franceschi's coverage under a group comprehensive major medical policy issued by AMI to eligible law students in the Law Students Division of the American Bar Association became effective. The policy provides medical and hospital expense benefits up to $25,000 per policy year. The policy contains a "Waiting Period" provision applicable to "Pre–Existing Conditions." [1] An insured is entitled to benefits for preexisting conditions only after (1) he has been treatment free for twelve months or (2) after twelve months from the effective policy date, whichever comes first. The term preexisting condition is defined in the policy as: "any illness for which *medical treatment* was rendered or recommended by a Provid-

er within 12 months prior to the effective date of insurance for any Participant whose illness is the basis of claim." (Emphasis added.) The term "medical treatment" is not defined in the policy.

Franceschi suffers from ulcerative colitis. On May 30, 1984, less than six months before the effective date of the medical policy, he was given a colonoscopy by his attending physician, Dr. Zelman Weingarten. The colonoscopy was performed to reevaluate Franceschi's ulcerative colitis condition. The procedure involved inserting a colonoscope, (a flexible fiberoptic instrument allowing inspection of the interior of the colon), 23.5 to 31.5 inches through Franceschi's rectum. As part of the procedure Dr. Weingarten performed multiple biopsies, with the resulting tissue subjected to later lab analysis. Franceschi was prepared for the procedure with two days of liquid diet, catartics and enemas; he was sedated throughout the procedure with Valium, Demerol and Atropine given intravenously. As a result of the colonoscopy and the biopsies, Dr. Weingarten determined that Franceschi's ulcerative colitis condition was in remission, i.e., inactive but not cured.

Between March 19, 1985 and April 11, 1985, within twelve months of undergoing the colonoscopy, and becoming covered under the policy, Franceschi was confined at French Hospital in Los Angeles for treatment of his ulcerative colitis condition: He filed a claim with AMI for his expenses. The claim was handled by Jack McKevett, a claims supervisor who has worked for AMI since 1978. During a routine investigation, McKevett obtained copies of Franceschi's medical records from Dr. Weingarten. McKevett reviewed the medical reports on the May 30, 1984, colonoscopy and concluded that it constituted "medical

1. The "Waiting Period" Clause provides:
ARTICLE III—Waiting Period.
1. *Waiting Period*—The following waiting period will apply to *all* Participants with coverage effective on or after September 1, 1984.
(a) ... [T]he benefits of this Policy will be available to a participant for pre-existing conditions only after he has been covered under this Policy for the following:

(1) a period of twelve months during which time the Participant receives no medical care or services *and* is, thus, 'free of care' for pre-existing conditions during that period; or
(2) for participants who cannot meet (1) above, a period of twelve consecutive calendar months beginning with the date this Policy became effective for such Participant.

treatment" within twelve months of the effective policy date within the meaning of the preexisting condition limitation in the policy. Based on his conclusion, he denied Franceschi's claim by letter dated October 30, 1985. Franceschi questioned the denial of his claim. McKevett responded, again by letter, on November 27, 1985, reaffirming the denial of coverage.

The district court found that the term "medical treatment" was an ambiguous term as used in the preexisting condition limitation provision. It observed that some dictionary definitions support AMI's broad interpretation of the words to include all medical care, while others support Franceschi's narrow interpretation excluding diagnostic procedures, such as a colonoscopy. It therefore construed the term "medical treatment" in Franceschi's favor and awarded him coverage for his hospital expenses up to the $25,000 policy limit. The court further found that AMI acted reasonably and in good faith when investigating Franceschi's claim.

Based on its findings the district court granted Franceschi's motion for partial summary judgment as to the claim for breach of contract and granted AMI's motion for summary judgment as to Franceschi's claims for breach of the implied covenant of good faith and fair dealing, violation of statutory duties under California Insurance Code § 790.03(h), common law fraud, and intentional infliction of emotional distress.[2] The court found that because AMI did not act with malice, oppression, or fraud in denying Franceschi's claim, it was not liable for punitive damages. The district court also denied Franceschi's motion for attorney's fees and awarded him prejudgment interest.

## II.

We review the district court's grant of summary judgment de novo. *Darring v. Kincheloe,* 783 F.2d 874, 876 (9th Cir.1986); Fed.R.Civ.P. 56(c). We must determine,

viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Ashton v. Cory,* 780 F.2d 816, 818 (9th Cir.1986).

## III.

Resolution of this dispute turns on the meaning of the term "medical treatment" as used in the preexisting conditions clause of the policy. Franceschi's position is that the term "medical treatment" does not include diagnostic treatment. AMI argues that the term "medical treatment" includes a diagnostic surgery to evaluate the status of an existing illness. The district court concluded the term was ambiguous and construed it in favor of the insured, Franceschi. *See Reserve Insurance Co. v. Pisciotta,* 30 Cal.3d 800, 808, 180 Cal.Rptr. 628, 640 P.2d 764 (1982).

### A. *Policy Coverage*

Whether an ambiguity exists is a question of law. *See Poland v. Martin,* 761 F.2d 546, 548 (9th Cir.1985). California law applies to this diversity action. *See Continental Casualty Co. v. City of Richmond,* 763 F.2d 1076, 1079 (9th Cir.1985). Under California law this court must independently determine the correct interpretation of the preexisting conditions exclusionary clause. *Id.* [*citing Bareno v. Employers Life Insurance Co.,* 7 Cal.3d 875, 881, 103 Cal.Rptr. 865, 868, 500 P.2d 889, 892 (1972)].

Exclusionary clauses in insurance contracts are construed narrowly against the insurer. *State Farm Mutual Automobile Insurance Co. v. Partridge,* 10 Cal.3d 94, 101–02, 109 Cal.Rptr. 811, 816, 514 P.2d 123, 128 (1973). Coverage exceptions must be clearly stated to apprise the insured of the effect of those exceptions. *Gray v. Zurich Insurance Co.,* 65 Cal.2d 263, 269, 54 Cal.Rptr. 104, 107, 419 P.2d 168, 171

---

**2.** The court found that Franceschi had made no showing of the requisite intent on the part of AMI on his claims for common law fraud and intentional infliction of emotional distress.

Moreover, it noted that Franceschi failed to oppose summary judgment as to those causes of action.

(1966). The words used in the policy are to be given the plain meaning that a lay person would normally attach to them. *Endo Laboratories, Inc. v. Hartford Insurance Group*, 747 F.2d 1264, 1268 (9th Cir.1984) (applying California law).

The term "medical treatment" is ambiguous and is nowhere defined in the policy. We must, therefore, imply from the range of permissible meanings that definition which most favors coverage. *Pisciotta*, 30 Cal.3d at 810–11, 180 Cal.Rptr. 628, 640 P.2d 764. Franceschi offers the following definition of "medical treatment": "The management of illness, by the use of drugs, dieting, *or other means designed to bring relief or effectuate a cure.*" Funk & Wagnalls New Comprehensive International Dictionary of the English Language (1980) (emphasis added). From that definition, Franceschi argues that only therapeutic, not diagnostic, procedures are excluded. In support of Franceschi's motion for partial summary judgment Dr. Weingarten testified that "a colonoscopy performed for [the purpose of reevaluating the ulcerative colitis condition] is solely a diagnostic procedure with no therapeutic value."

█ Although it presents a close question, the district court's interpretation of the term "medical treatment" is reasonable. We hold that, as used in the policy, the term "medical treatment" excludes diagnostic procedures such as the colonoscopy and biopsies performed here. AMI's failure to provide coverage under the policy was improper.

## B. *Bad Faith*

█ The district court concluded that AMI denied Franceschi's claim in good faith. Franceschi asserts that the issue of good faith and fair dealing in the claims handling process is an issue of fact which survives summary judgment. However, a court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, even if the court concludes the claim is payable under the policy terms, so long as there existed a genuine issue as the insurer's liability. *Safeco Insurance Com-*

*pany of America v. Guyton*, 692 F.2d 551, 557 (9th Cir.1982) (applying California law).

In support of his claim that AMI's denial of coverage was in bad faith, Franceschi argues that AMI should have construed the ambiguity in the term "medical treatment" in the policy in his favor and awarded him benefits. In this case there was a genuinely arguable issue whether the term "medical treatment" as used in the policy was ambiguous. AMI's interpretation of the term was not arbitrary or unreasonable.

Franceschi also argues that AMI failed to properly investigate his claim that the colonoscopy was in fact diagnostic only and that no treatment was rendered. As evidence of AMI's failure to investigate, Franceschi offers McKevett's failure to contact Dr. Weingarten to determine whether the colonoscopy was therapeutic or diagnostic, his failure to use experts available to him at the insurance company to determine the nature of the colonoscopy, and his failure to document his rationale for denying the claim in the claims file.

Franceschi's argument is unavailing. McKevett informed Franceschi that he was denying coverage because he felt the colonoscopy with biopsies constituted "treatment" under the policy within the twelve-month period prior to the effective policy date. He reviewed the Report of Operation, which would have informed him of the nature of the surgery involved. He did not dispute any of Franceschi's factual allegations, even the allegation that the colonoscopy was diagnostic only. Under AMI's reasonable interpretation of the term medical treatment, the distinction between therapeutic and diagnostic treatment was irrelevant.

The district court properly granted summary judgment in favor of AMI on Franceschi's claims that AMI violated its statutory duties and breached the implied covenant of good faith and fair dealing. *See Safeco*, 692 F.2d at 557. For the same reasons that Franceschi's bad faith claims were properly dismissed, punitive damages are not recoverable. *See Silberg v. California Life Insurance Company*, 11 Cal. 3d 452, 462, 113 Cal.Rptr. 711, 521 P.2d

1103 (1974) (to justify an award of exemplary damages, the defendant must be guilty of oppression, fraud or malice).

## IV.

### *Attorney's Fees*

■ An award of attorney's fees is not proper where "the insurer erroneously but in good faith withheld benefits from the insured." *Furman v. California Satellite Systems,* 179 Cal.App.3d 408, 427–28, 231 Cal.Rptr. 113, 123 (1986). Franceschi's claim for attorney's fees was properly denied.

AFFIRMED.