34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL FIRE INSURANCE OF HARTFORD, an Illinois
Corporation, Plaintiff-Counter-Defendant-Appellee,
v.
Samson S. MINTZ, Defendant-Counter-Claimant-Appellant.
NATIONAL FIRE INSURANCE OF HARTFORD, an Illinois
Corporation, Plaintiff-Counter-Defendant-Appellant
v.
Samson S. MINTZ, Defendant-Counter-Claimant-Appellee.
 Nos. 93-15636, 93-15637.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 11, 1994.
Decided Aug. 25, 1994.
 
 Before: NORRIS, THOMPSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Samson Mintz appeals contending the trial court erred by (1) granting partial summary judgment in favor of National Fire Insurance Company of Hartford ("National Fire") regarding bad faith and punitive damages; (2) denying Mintz the full replacement cost of the property; (3) denying Mintz consequential damages; (4) failing to award Mintz costs as the prevailing party; and (5) applying Nevada law to determine the rate of prejudgment interest. National Fire cross-appeals claiming (1) Mintz waived his right to have a jury decide whether he willfully breached his duty to disclose material facts and (2) there is insufficient evidence to support the jury's verdict. We reject both parties' claims and affirm.
 
 
 3
 * The district court held that National Fire was not liable for the tort of bad faith refusal to pay Mintz's claim because "no reasonable jury could find that National Fire acted in bad faith" in light of the "honest dispute" regarding National Fire's liability. ER Tab 15 at 13. According to the district court, National Fire reasonably disputed liability given Mintz's failure to disclose Motel 5's poor financial condition. Similarly, because the district court concluded as a matter of law that "National Fire acted reasonably in handling the claims under the policy, there is no basis for concluding that it should be liable for punitive damages." Id. at 14.
 
 
 4
 "[A] court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, even if the court concluded the claim is payable under the policy terms, so long as there existed a genuine issue as [to] the insurer's liability." Franceschi v. American Motorists Ins. Co., 852 F.2d 1217, 1220 (9th Cir.1988) (applying California law); see also American Excess Ins. Co. v. MGM Grand Hotels, Inc., 729 P.2d 1352, 1355 (Nev.1986) (applying Nevada law). Thus, the issue before us is whether National Fire acted reasonably.
 
 
 5
 Here, after a thorough investigation, National Fire uncovered the following facts: arson destroyed Motel 5; Motel 5 was in poor financial shape at the time of the arson; Jui Fa Lin misrepresented Motel 5's financial condition; Mintz had a pattern of selling and foreclosing on the property; Mintz made the initial contact regarding the purchase of insurance. The policy on Motel 5 provided: "This entire policy shall be void if, whether before or after the loss, the Insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance...." ER Tab 15 at 10.
 
 
 6
 Under these circumstances, it was not manifestly unreasonable for National Fire to seek a judicial declaration whether it was required to pay Mintz. See Atlas Assurance Co. v. McCombs Corp., 194 Cal.Rptr. 66, 74 (Ct.App.1983); American Excess, 729 P.2d at 1355. The circumstances of the loss were suspicious, and Mintz's involvement was unclear. We need not decide whether fraudulent acts by the insured can ever absolve the insurer from its obligation to the mortgagee because in this case Mintz's actions alone created a genuine issue as to liability. For example, coverage for a mortgagee has been denied where the mortgagee knew the insured made misrepresentations to the insurer and the mortgagee said nothing. See, e.g., Citizens State Bank v. American Fire & Casualty Co., 198 F.2d 57, 60 (5th Cir.1952); Weekly v. Missouri Property Ins. Placement Facility, 538 S.W.2d 375, 379-80 (Mo.Ct.App.1976). Based on undisputed facts, we believe National Fire acted reasonably, as matter of law, by filing for declaratory relief. Therefore, the district court did not err in granting partial summary judgment on the bad faith claim or the punitive damages claim. See Franceschi, 852 F.2d at 1220.
 
 II
 
 7
 The court awarded the actual cash value of the damaged property rather than the full replacement cost because Mintz, as a non-possessory mortgagee did not have the right to enter and repair. We review the computation of damages under the clearly erroneous standard, but we review de novo the selection of the correct legal standard for computing damages. Galindo v. Stoody Co., 793 F.2d 1502, 1516 (9th Cir.1986). Because no repairs to Motel 5 were ever made, and no evidence suggests Mintz had a right to repair Motel 5, the court did not err in awarding the actual cash value. We reject Mintz's claim that the parties stipulated that Mintz was entitled to replacement cost or that the trial court made such a ruling.
 
 III
 
 8
 Mintz is not entitled to consequential damages. Under the policy, Mintz was entitled to the actual cash value of the damaged property. Prejudgment interest compensated Mintz for any delay in payment of the liquidated sum while National Fire sought a judicial determination of its liability.
 
 IV
 
 9
 The trial court did not abuse its discretion by ordering each party to bear its own costs. See Association of Flight Attendants v. Horizon Air Indus., 976 F.2d 541, 551 (9th Cir.1992). National Fire was the prevailing party on the bad faith and punitive damage claims, and Mintz was the prevailing party on the breach of contract claim.
 
 V
 
 10
 The trial court did not err in applying Nevada's rate of prejudgment interest instead of California's rate of prejudgment interest. Because this case is a diversity action, the choice-of-law rules of the forum state, Nevada, apply. See Northern Ins. Co. v. Allied Mut. Ins. Co., 955 F.2d 1353, 1359 (9th Cir.), cert. denied, 112 S.Ct. 3033 (1992). The location of the insured risk is an important, if not determinative factor, in deciding which state's law applies. See Williams v. United Servs. Auto. Ass'n, 849 P.2d 265, 266-67; Restatement (Second) of Conflict of Laws Secs. 188 cmt. e & 193 (1971). Because Motel 5 was located in Nevada, the trial court did not err in applying Nevada law.
 
 VI
 
 11
 Mintz did not waive his right to a jury trial on the issue of whether he willfully violated his duty to disclose material facts to National Fire. "[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937). After reviewing the record, we are convinced Mintz did not waive that right in light of his repeated insistence on the right to a jury trial.
 
 VII
 
 12
 National Fire claims the verdict in favor of Mintz is not supported by substantial evidence. However, National Fire did not make a motion for judgment as a matter of law. See Fed.R.Civ.P. 50. Because National Fire did not make that motion, "the sufficiency of the evidence is not reviewable on appeal." Williams v. Hughes Helicopters, Inc., 806 F.2d 1387, 1391-92 (9th Cir.1986) (internal quotations omitted). The only exception to that rule is "where there is such plain error on the face of the record that failure to review would result in a manifest miscarriage of justice." Id. at 1392 (internal quotations omitted). This is not such a case. Moreover, we have reviewed the record and are satisfied substantial evidence supports the jury's verdict.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3