82 F.3d 423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda L. MAIDENS, Plaintiff-Appellant,
v.
MASSACHUSETTS CASUALTY INSURANCE COMPANY, Defendant-Appellee.
 No. 94-55975.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1996.*
Decided April 10, 1996.
 
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Linda L. Maidens appeals the district court's judgment in favor of Massachusetts Casualty Insurance Company ("Mass Casualty") following a bench trial. Maidens contends that the district court erred by finding that Maidens was not totally disabled within the meaning of three disability insurance policies. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district judge's findings of fact following a bench trial shall not be set aside unless clearly erroneous. Fed.R.Civ.P. 52(a); See Price v. United States Navy, 39 F.3d 1011, 1021 (9th Cir.1994). The district court's conclusions of law are reviewed de novo. Price, 39 F.3d at 1021.
 
 
 4
 * Maidens contends that epicondylitis in both elbows rendered her totally disabled and that she is unable to perform the material duties of her job. She argues that the district court failed to consider the nature and extent of her duties before finding that she was not totally disabled within the meaning of Mass Casualty's disability insurance policies. Maidens' contention lacks merit.
 
 
 5
 Under California law, the term "total disability does not signify an absolute state of helplessness but means such a disability as renders the insured unable to perform the substantial and material acts necessary to the prosecution of a business or occupation in the usual or customary way." Erreca v. Western States Life Ins. Co., 19 Cal.2d 388, 396 (1942). "Recovery is not precluded under a total disability provision because the insured is able to perform sporadic tasks, or give attention to simple or inconsequential details incident to the conduct of business." Id. "Conversely, the insured is not totally disabled if he is physically and mentally capable of performing a substantial portion of the work connected with his employment. He is not entitled to benefits because he is rendered unable to transact one or more of the duties incidental to his business." Id.; see also Austero v. National Casualty Co., 148 Cal.Rptr. 653, 666 (Cal.App. 4 Dist.1978). The question of what amounts to total disability is one of fact, and where the finding of the trial court is supported by substantial evidence, that finding shall not be disturbed on appeal. Errica, 19 Cal.2d at 397.
 
 
 6
 Maidens' insurance policies generally defined "total disability" as the "substantial inability" to perform the material duties of her work due to injuries or sickness. The term "work" referred to Maidens' occupation as it existed at the start of the period of disability. Maidens occupation was that of a retail store manager. However, Maidens' material duties as a retail store manager is a source of dispute between the parties. In a "description of occupation" form submitted with her application to Mass Casualty for disability benefits, Maidens described her most important duties as: a) daily receipts and bookkeeping; b) ordering merchandise; c) supervising employees; and d) cashing checks. Maidens signed the form certifying that the information provided was true and complete to the best of her knowledge and belief.[1]
 
 
 7
 At trial, Maidens testified that she performed the duties listed in the description of occupation form, but that the form was too general and did not sufficiently describe the nature and extent of her duties.[2] However, although Maidens did some lifting and stocking of shelves, the evidence showed that these were not her primary duties and that clerks and stock personnel were employed to perform these duties. As to the nature and extent of Maidens duties, the description of occupation form adequately identified the number of hours per week she spent performing each duty listed and any equipment or instrument used in conjunction with those duties. Thus, the form sufficiently described Maidens' occupational duties.
 
 
 8
 Accordingly, the district court did not clearly err by finding that Maidens' material duties were daily receipts/bookkeeping, ordering merchandise, supervising employees, and cashing checks. See Price, 39 F.3d at 1021.
 
 
 9
 The district court also properly found that Maidens was capable of performing a substantial portion of her material duties as a retail store manager. In June 1992, Mass Casualty requested an independent medical examinations to assess whether Maidens was totally disabled after undergoing two surgeries on her elbows. Dr. Eldon Ketring concluded that there was no objective medical evidence to support Maidens' disability claim. Dr. Ketring stated that there were minimal abnormal physical findings and Maidens' symptoms were rather nondescript suggesting, that "some exaggeration or embellishment may be present."[3]
 
 
 10
 Additionally, Maidens' own medical physicians established that she was able to perform a substantial portion of her material duties as described in Mass Casualty's description of occupation form. Examinations by four physicians detected no objective physical findings which could support Maidens' total disability claim. Maidens' physicians also cleared her to returned to work in a modified status, noting that Maidens could perform the duties listed in Mass Casualty's description of occupation form with some limitations on her bookkeeping and check cashing duties.
 
 
 11
 Maidens is not totally disabled if she is physically and mentally capable of performing a substantial portion her work. See Erreca, 19 Cal.2d at 396. The mere inability to perform one or more of her store manager duties does not render Maidens disabled. Id. The evidence shows that Maidens could still perform her bookkeeping and check cashing duties in moderation. Maidens' supervisory duties and merchandise ordering duties were also not substantially affected by the epicondylitis in her elbows. Thus, Maidens is able to perform more than mere sporadic tasks, or simple and inconsequential details of the duties of a store manager. See id.
 
 
 12
 Accordingly, the district court did not clearly err by finding that Maidens was not totally disabled within the meaning of her insurance policies with Mass Casualty. See Price, 39 F.3d at 1021.
 
 II
 
 13
 Maidens also contends for the first time on appeal that the insurance policies were ambiguous as to whether "material duties" meant the generic duties of a store manager or the specific duties she performed. This contention lacks merit.
 
 
 14
 As a general rule, this court will not consider an issue raised for the first time on appeal, although the this court has the power to do so. Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir.1984). However, this court recognizes an exception to this rule when the issue is purely one of law. Id. Whether an ambiguity exists is a question of law and therefore we may consider this issue on appeal. See Franceschi v. American Motorist Ins. Co., 852 F.2d 1217 (9th Cir.1988). Under California law, "[a] policy provision is ambiguous when it is capable of two or more different constructions, both of which is reasonable." See Delgado v. Heritage Life Ins. Co., 203 Cal.Rptr. 672, 677 (Cal.App. 2 Dist.1984).
 
 
 15
 Here, the term "material duties" as used in the Mass Casualty disability insurance policies is not capable of two or more reasonable constructions. The term "material" is reasonably construed as denoting the most important duties performed by Maidens and does not lend itself to a "specific" verses "generic" distinction as Maidens' suggest. In any event, the evidence admitted at trial established the nature of Maidens' material duties, and that she was substantially able to perform those duties. Thus, Maidens' ambiguity argument must also fail.[4]
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Additionally, in a sworn statement to a Mass Casualty investigator, Maidens stated that her primary duties were book work, purchasing and ordering, accounting, counting money, banking, cashing checks, and cashier
 
 
 [2]
 For instance, Maidens claimed that "ordering merchandise" included unpacking and shelving merchandise weighing up to 50 pounds, and "cashing checks" included standing and handling money for 8-10 hours per day, 2 1/2 days per week
 
 
 [3]
 Dr. Barry Braiker, Mass Casualty's expert witness, examined Maidens in August, 1993. Dr. Braiker also found no objective evidence that Maidens' condition rendered her totally disabled. He also concluded that Maidens' subjective complaints were "totally out of proportion to any observed physical findings." Dr. Jay Menon, one of Maidens' own physicians, also suggested that Maidens' symptoms were out of proportion with any disease process and may be the result of exaggeration
 
 
 [4]
 Because the district court did err by finding that Maidens had not proven by a preponderance of the evidence that she was totally disabled under the Mass Casualty insurance policies, we need not decide whether Mass Casualty acted in bad faith or fraudulently by terminating Maidens' disability insurance benefits