108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald R. MacANNAN; R.C. Mac, Inc., a California
corporation, d/b/a Horizons Restaurant and d/b/a
Tops Restaurant, Plaintiffs-Appellants,
v.
GENERAL INSURANCE COMPANY OF AMERICA, a Washington
corporation, Safeco Insurance Company of America,
Defendants-Appellees.
 No. 95-17290.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1997.
Decided Feb. 14, 1997.
 
 Before: GOODWIN, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Ronald MacAnnan ("MacAnnan") owns a commercial building in which he operates two restaurants. Access to the restaurants required stair steps. A disabled person sued MacAnnan when he could not enter the restaurants unassisted.
 
 
 3
 MacAnnan thereupon asked for defense and indemnification from his insurance companies, General Insurance Co. and Safeco (the "Insurance Companies"). The Insurance Companies denied coverage and MacAnnan sued. The district court granted summary judgment to the Insurance Companies and MacAnnan now appeals. We affirm the district court.
 
 
 4
 Under the policies, the Insurance Companies owe MacAnnan a duty to defend and indemnify only in the event of an "occurrence." The interpretation of the terms of an insurance policy is a question of law. Waller v. Truck Ins. Exchange, Inc., 900 P.2d 619, 627 (Cal.1995). The construction of this insurance policy is a question of California law. See St. Paul Mercury Ins. Co. v. Ralee Eng'g Co., 804 F.2d 520, 522 (9th Cir.1986). California courts construe insurance policy terms in their "ordinary and popular sense." Bank of the West v. Superior Court, 833 P.2d 545, 552 (Cal.1992). The plaintiff bears the burden of showing that his claim falls within the basic scope of the policy's coverage. Montrose Chemical Corp. v. Superior Court, 861 P.2d 1153, 1161 (Cal.1993).
 
 
 5
 The insurance policies at issue include a definition of "occurrence."
 
 
 6
 9. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
 
 
 7
 ER 1, Exhibit 2 at 10. Harm is caused by an accident if any one of the acts which caused the harm is an accident. See American Guar. and Liab. Ins. Co. v. Vista Medical Supply, 699 F.Supp. 787, 791 (N.D.Cal.1988). An "accident" is "an unexpected, unforeseen, or undesigned happening or consequence from either a known or unknown cause." Hogan v. Midland Nat'l Ins. Co., 3 Cal.3d 553, 559 (1970). An insured's act is not an "accident" if the act was "purposeful" or "intentional" or "deliberate." Vista Med. Supply, 699 F.Supp. at 791.
 
 
 8
 Here, the harm (psychic trauma) the plaintiff alleged did not result from an accident. MacAnnan intended to configure the steps to the restaurant and intended to provide assisted access for wheelchair patrons as he did. Whether MacAnnan intended to harm anyone, is immaterial, as well as whether he was aware that any harm might occur. Likewise immaterial is whether his ignorance of state and federal laws imposing duties on proprietors was conscious or unconscious. See Commercial Union Ins. Co. v. Superior Court, 196 Cal.App.3d 1205 (1987) (wrongful discharge of an employee is not an accident even if unintended consequences follow); Hartford Fire Ins. Co. v. Karavan Enters. Inc., 659 F.Supp. 1077, 1081 (N.D.Cal.1987) (negligent ignorance is not an accident); Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1365 (9th Cir.1991) (same); Vista Med. Supply, 699 F.Supp. at 790 (discrimination claims based on disparate impact do not allege accidental acts).
 
 2. Insurance Defense
 
 9
 The Insurance Companies must defend an action which seeks damages potentially within the coverage of the policy. Gray v. Zurich Ins. Co., 419 P.2d 168, 176 (Cal.1966). In cases where coverage depends on whether the acts of the insured were willful or negligent, doubt about the insurer's duty to defend must be resolved in the insured's favor. Id. Unlike in Gray, however, coverage here did not depend on whether the insured's acts were willful or negligent, but only on whether the insured's architectural choices constituted an "occurrence" within the terms of the policies.
 
 
 10
 In this case, there was no potential for coverage under the alleged facts. MacAnnan's conduct leading to Kennedy's alleged harm was intentional. The Insurance Companies had not underwritten MacAnnan's intentional conduct, and by the terms of their contracts had no duty to defend MacAnnan in this matter.
 
 3. Bad Faith
 
 11
 MacAnnan alleged bad faith in his complaint, but did not oppose the Insurance Companies' motion for summary judgment on this ground. The issue may therefore be deemed waived. Komatsu Ltd. v. States Steamship Co., 674 F.2d 806, 812 (9th Cir.1982). Even if not waived, MacAnnan shows no evidence of bad faith. An insurance company is in bad faith only if its denial was unreasonable and there was no genuinely arguable issue. Opsal v. United Servs. Automobile Ass'n, 2 Cal.App. 4th 1197, 1205 (1991); see also Franceschi v. American Motorists Ins. Co., 852 F.2d 1217, 1220 (9th Cir.1988). Here, the Insurance Companies investigated MacAnnan's claim. They considered facts pled in the complaint and all other facts known to them. They based their decision on applicable California precedent which would hold them not liable. MacAnnan is therefore not entitled to damages for bad faith.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3