**PROVIDENT LIFE & ACCIDENT IN-SURANCE CO., a Tennessee corporation, Plaintiff-counter-defendant—Appellee,**

v.

**Martin A. BRENNER, M.D., an individual, Defendant-counter-claimant—Appellant.**

No. 01–55992.

D.C. No. CV–99–01514–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2002.

Decided July 1, 2002.

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Martin A. Brenner, M.D., appeals from the grant of partial summary judgment in favor of Provident Life and Accident Insurance Company on his claims of breach of the implied covenant of good faith and fair dealing and for punitive damages. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse in part, vacate in part, and remand.

Brenner worked as a clinical psychiatrist at Vista Del Mar Hospital. On December 16, 1992, Provident issued a disability income policy to Brenner. The policy provides:

Total Disability or totally disabled means that due to Injuries or Sickness:

1.  you are not able to perform the substantial and material duties of your occupation; and

2.  you are receiving care by a Physician, which is appropriate for the condition causing the disability. We will

waive this requirement when continued care would be of no benefit to you.

The policy further provides:

your occupation means the occupation (or occupations, if more than one) in which you are regularly engaged at the time you become disabled. If your occupation is limited to a recognized speciality within the scope of your degree or license, we will deem your specialty to be your occupation.

Brenner provided Provident notice of his disability claim on June 9, 1998. His treating physician, Dr. Barry Chaitin, completed the attending physician statement, verifying his disability as Anxiety Disorder and concluding that Brenner was unable to perform the job duties of his occupation. Brenner was then referred to another psychiatrist, Dr. Russell Christopher, for ongoing care. Dr. Christopher diagnosed Brenner with Generalized Anxiety Disorder (GAD), which rendered Brenner unable "to perform any job duties at this time."

In October 1998, Provident began investigating Brenner's claim, and commenced payment of disability benefits, under a reservation of rights. During the investigation by Provident, its own clinical employee, James Catlett, substantially agreed with the conclusions of Dr. Chaitin regarding Brenner's diagnosis and treatment. Provident then retained the services of two more physicians to evaluate him. It had its fully owned subsidiary, GENEX, set up the medical examinations.

Provident's psychologist, Dr. Daniel Martell, examined Brenner over a three-day period. He concluded that Brenner suffers from a "mixed personality disorder" and his "acute anxiety currently prevents him from returning to work." Dr.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Martell also concluded that "in light of [Brenner's] history, clinical presentation and the results of the objective personality testing, a diagnosis of GAD would appear to be justifiable."

On August 19, 1999, over fourteen months after Brenner's initial claim of disability, Provident subjected Brenner to yet another approximately three-hour examination by its retained forensic psychiatrist, Ronald Markham, M.D., J.D.. Dr. Markham concluded that "there was no basis for rendering a diagnosis of a Generalized Anxiety Disorder ...." He provided no opinion regarding Brenner's personality disorder, except that he had one. *Id.*

On December 7, 1999, Provident sued Brenner for recovery of the back benefits paid. The district court ruled in favor of Brenner on the breach of contract claim, awarding him $189,780 in money damages. However, the court granted Provident's motion for partial summary judgment on Brenner's bad faith counterclaim, concluding that there was no "genuine issue as to any material fact" under Federal Rule of Civil Procedure 56(c) as to whether, under California law, there was a genuine dispute as to the insurer's liability.

■ To establish a breach of the implied covenant of good faith and fair dealing (bad faith) under California law, a plaintiff must show: (1) the insurer withheld benefits due under the policy, and (2) the reason for withholding benefits was unreasonable or without proper cause. *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 1151, 271 Cal.Rptr. 246 (1990). Because Provident does not appeal the breach of contract award, what is at issue here is whether Provident was unreasonable in withholding the disability benefits. *See Franceschi v. Am. Motorists Ins. Co.*, 852 F.2d 1217, 1220 (9th Cir.1988) (applying California law) (summary judgment dismissing bad faith claim may be appro-priate even if demonstrated that insurer withheld benefits due under policy). The reasonableness of an insurer's denial is determined with reference to the information known or reasonably available to it at the time of denial. *See Austero v. Nat'l Cas. Co.*, 84 Cal.App.3d 1, 27, 148 Cal.Rptr. 653 (1978), *overruled on other grounds by Egan v. Mut. of Omaha Ins. Co.*, 24 Cal.3d 809, 824 n. 7, 169 Cal.Rptr. 691, 620 P.2d 141 (1979). If a genuine dispute as to coverage existed at the time benefits were denied, then the court may conclude as a matter of law that the insurer did not act unreasonably. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir.2001). This principle, known as the "genuine dispute doctrine" or the "genuine issue as to coverage" rule, applies to coverage disputes of both a legal and factual nature. *Id.* at 993–94.

The district court agreed, as Provident contends, that Dr. Markham's conclusion that Brenner was not totally disabled from practicing psychiatry created a genuine dispute as to coverage, and thus Provident's denial of coverage was not unreasonable. Brenner responds that Provident was searching for a pretext to deny the claim and, therefore, the coverage dispute was not "genuine." Brenner is aided in his argument by a recent California Court of Appeals decision, *Chateau Chamberay Homeowners Ass'n. v. Associated Int'l Ins. Co.*, 90 Cal.App.4th 335, 108 Cal.Rptr.2d 776 (2001). There, while the court reiterated the genuine dispute rule as a defense to insurer unreasonableness, it nevertheless held:

> [A]n insurer [may not] insulate itself from liability for bad faith conduct by the simple expedient of hiring an expert for the purpose of manufacturing a 'genuine dispute.'

*Id.* at 349 n. 8, 108 Cal.Rptr.2d 776.

The undisputed evidence demonstrates that two of Brenner's treating physicians

and two medical examiners in Provident's employ diagnosed him with a disabling disorder, requiring payment under the policy. Despite these diagnoses, Provident continued to investigate, ceasing only when Dr. Markham provided a report not requiring payment. Because a rational trier of fact could conclude on these facts that Provident acted unreasonably by shopping for an expert who would opine that Brenner was able to perform his occupation, under the pretext of "investigation," summary judgment was inappropriate

Because the district court erred in applying the "genuine dispute" doctrine to the facts of this case, the basis for foreclosing the possibility of an award of punitive damages is unclear. Thus, we vacate the judgment and remand for further proceedings consistent herewith. Each party shall bear its own costs on Appeal

REVERSED in part, VACATED in part, and REMANDED.